William A. Gilbert
Email: bgilbert@dgalaw.com
DANO ♦ GILBERT
P.O. Box 2149
Moses Lake, WA 98837
Telephone: (509) 764-8426
Facsimile: (509) 766-7764
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAXIMILLIAN SALAZAR III<br><br>Plaintiff<br><br>vs.<br><br>MONACO ENTERPRISES, INC.; and GENE MONACAO and MARTI MONACO, Husband and wife and the marital community thereof; and ROGER BARNO and NOELLE BARNO, Husband and wife and the marital community thereof; and STRATEGIC ADVANTAGE, LLC.; and STEVE CESARE and JANE DOE CESARE, Husband and wife and the marital community thereof.<br><br>Defendants | Case No.: CV-12-186-LRS<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

Plaintiff alleges:

### I.    SUBJECT MATTER JURISDICTION

COMPLAINT FOR DAMAGES
Pg. 1 of 12

DANO ♦ GILBERT
100 East Broadway • P.O. Box 2149
Moses Lake, WA 98837
(509) 764-8426 • FAX (509) 766-7764

1.1  This is a Complaint for violations of the False Claims Act, 31 U.S.C. §§ 3729, 3730 and as amended, over which this Court has subject matter jurisdiction pursuant to 31 U.S.C.A. 3730(h). This complaint also alleges state law claims arising from the same facts over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

1.2  Administrative exhaustion: All available administrative processes, procedures, and remedial measures have been properly exhausted.

## II. PARTIES AND PERSONAL JURISDICTION

2.2  Plaintiff re-alleges paragraph 1.1 through 1.2 as though fully set forth herein.

2.3  Plaintiff MAXIMILLIAN SALAZAR III was at all times relevant hereto a resident of Washington State, residing in Spokane, Washington which is geographically situated within the bounds of the Eastern District of Washington.

2.4  Defendant MONACO ENTERPRISES, INC. (hereinafter "MEI") is incorporated under the laws of the State of Delaware, registered to conduct business in the states of Washington, with its primary business office located in Spokane Valley, WA which is geographically located within the geographic boundaries of the Eastern District of Washington. All acts or omissions of MEI alleged in this Complaint were performed by authorized agents or employees of the company within the scope of valid agency or employment relationships, and were performed for the benefit of the company within the geographical boundaries of the Eastern District of Washington. The relevant violations of state and federal law as plead herein occurred or originated in the office of MEI which is situated geographically in the Eastern District of Washington.

COMPLAINT FOR DAMAGES
Pg. 2 of 12

DANO ♦ GILBERT
100 East Broadway • P.O. Box 2149
Moses Lake, WA 98837
(509) 764-8426 • FAX (509) 766-7764

2.5     Defendant GENE MONACO was, upon information and belief, at all times relevant hereto a resident of Spokane County, Washington and the CEO of MEI; MARTIA MONACO was at all times relevant hereto the married spouse of GENE MONACO and resided with him in Spokane County, Washington. Spokane County lies within the geographical boundaries of the Eastern District of Washington.

2.6     Defendant ROGER BARNO was, upon information and belief, at all times relevant hereto a resident of Spokane County, Washington and COO of MEI; NOELLE BARNO was at all times relevant hereto the married spouse of ROGER BARNO and resided with him in Spokane County, Washington. Spokane County lies within the geographical boundaries of the Eastern District of Washington.

2.7     Defendant STRATEGIC ADVANTAGE, LLC (herein after "SA") is a California Corporation, conducting business in the Eastern District of Washington.

2.8     Defendant STEVE CESARE was, upon information and belief, at all times relevant hereto a resident of San Diego County, California and the president / CEO of SA and conducting business as an agent of MEI, by and through SA in Spokane County; upon information and belief, JANE DOE CESARE was the married spouse of STEVE CESARE at all times relevant hereto.

2.9     All acts or omissions of Defendants relevant to the claims pled occurred or originated in or out of MEI corporate offices in Spokane County, Washington, geographically situated in the Eastern District of Washington.

2.10    Damages exceed the statutory minimum for this Court.

### III.    FACTUAL ALLEGATIONS

COMPLAINT FOR DAMAGES
Pg. 3 of 12

DANO ♦ GILBERT
100 East Broadway • P.O. Box 2149
Moses Lake, WA 98837
(509) 764-8426 • FAX (509) 766-7764

3.1     Plaintiff re-alleges paragraphs 1.1 through 2.10 as though fully set forth herein.

3.2     Plaintiff, MAX SALAZAR was hired as an Applications Engineer by Defendant MEI on June 14, 2004.  He was promoted to Director of Application Engineering in July, 2008.

3.3     MEI specializes in the manufacture and installation of fire alarm and security systems for United States Government facilities worldwide.

3.4     Approximately ten years ago, the U.S. Government mandated a narrowband upgrade for all radio transceivers.  Since the U.S. military had a majority of MEI units, MEI was handed an opportunity to capitalize on over 100 million dollars of business over an 8 year period.  MEI took advantage of this opportunity to expand the company and introduce and market new products to the U.S. Government.

3.5     MEI expanded by forming an Application Engineering Department which was assigned the task of new product development. MR. SALAZAR was hired as an Applications Engineer in the newly formed Application Engineering Department.

3.6     Between 2004 and 2011, MR. SALAZAR assisted in the development of numerous new products which were eventually marketed to the United States Government, and shipped to, and installed in / on U.S. Government installations.

3.7     Between 2004 and the summer of 2010, MEI was being managed under the control of Randy Frick. In November 2010, GENE MONACO stepped in to the control function of the company and promptly hired ROGER BARNO, his son-in-law, as the new Chief Operations Officer.  At the time he was hired,

COMPLAINT FOR DAMAGES
Pg. 4 of 12

DANO ♦ GILBERT
100 East Broadway • P.O. Box 2149
Moses Lake, WA  98837
(509) 764-8426 • FAX (509) 766-7764

1 | BARNO had no prior experience in government contracting, no experience with
2 | MEI products, and very little successful management experience.
3 |     3.8   Shortly after taking over management of the operations of MEI,
4 | MONACO and BARNO began making substantial changes to MEI's
5 | infrastructure, including, without limitation, terminating long term employees –
6 | most of whom were either on medical leave, or were high medical benefit users;
7 | reclassifying job titles and functions; and decreasing staffing to critical production
8 | and manufacturing departments.
9 |     3.9   The reason for the termination of employees who were high medical
10 | benefit users or who had serious health conditions was to decrease cost to the
11 | company and increase profit. It also violated state and federal laws related to
12 | ERISA, FMLA, WLAD, and ADA.
13 |     3.10  MEI HR director, Lynnae McGillen advised MONACO and BARNO
14 | that terminating employees on FMLA or with disability concerns was against the
15 | law and could expose the company to liability. MEI responded, by and through
16 | MONCAO and BARNO, by terminating Ms. McGillen's employment.
17 |     3.11  After terminating Ms. McGillen, MEI hired SA and STEVE CESARE
18 | to handle human resources concerns for MEI. Upon information and belief, MEI
19 | maintains complete and actual control over SA and STEVE CESARE in all matters
20 | effecting MEI.
21 |     3.12  Beginning in the late fall of 2010, MR. SALAZAR and several other
22 | employees (five in total) brought formal complaints to GENE MONACO and
23 | BARNO presenting concerns about false reporting and violations of government
24 | contracting laws as they applied to wage / hour and per diem requirements.
25 |

COMPLAINT FOR DAMAGES
Pg. 5 of 12

DANO ♦ GILBERT
100 East Broadway • P.O. Box 2149
Moses Lake, WA 98837
(509) 764-8426 • FAX (509) 766-7764

3.13  MONACO was misrepresenting wage / hour and per diem calculations to the U.S. Government on bid submissions, and / or, illegally and intentionally altering job titles and descriptions of employees in order to bill the government for one pay / per diem level while actually paying and reimbursing employees at a much lower level. In so doing, MEI was representing to the government that it was in compliance with federal contracting and wage / hour laws when it was not. Further, MEI was profiting unjustly and fraudulently by and through the misrepresentations it was making to the government; they were committing fraud.

3.14  After MR. SALAZAR and two other employees in his department raised the concerns of violating wage / hr / per diem laws, MR. SALAZAR and the rest of his department were called into a meeting with MEI executive officers. During this meeting, they were told by the executive officers that MEI could charge "whatever they wanted, however they wanted", and it was to be no concern to Mr. SALAZAR and his department how the charges, expenses and compensation were decided.

3.15  MEI, MONACO, and BARNO responded to the employee complaints and investigation into fraudulent wage / hour / per diem violations by retaliating against the employees. The retaliation escalated and within one year of the complaints, all but one of the complaining employees were either fired, or forced out of MEI.

3.16  Upon information and belief, the concerns about misrepresenting job titles and functions, misdirecting funds, and defrauding the government have never been addressed and continue unabated.

COMPLAINT FOR DAMAGES
Pg. 6 of 12

DANO ♦ GILBERT
100 East Broadway • P.O. Box 2149
Moses Lake, WA  98837
(509) 764-8426 • FAX (509) 766-7764

3.17  The acts or omissions of MEI in illegally misrepresenting the employment status, job title and description of employees to the Federal Government while knowingly paying substandard wages and limiting per diem has cost the American tax payers substantial amounts of money.

3.18  In October, 2011, Mr. SALAZAR, in the course and scope of his employment with MEI, reviewed numerous procurement contracts that had recently been accepted by the Government based upon bids submitted by MEI. MR. SALAZAR found that in each of the contracts, the proposed completion date (used as a function of enticement for acceptance of the bid) was absolutely impossible for MEI to meet.  Based upon his review of the contracts, it was clear to Mr. SALAZAR that MEI was intentionally misrepresenting completing estimates for contracts in order to secure federal funding.  MEI was again committing fraud.

3.19  As he had previously done with regard to fraudulent misrepresentations being made to the Government regarding wage / hour and per diem issues, MR. SALAZAR brought his concerns about the fraudulent misrepresentations on the bid / contract completion dates to MONACO.

3.20  The week of October 10th, 2011, a meeting was convened to discuss the concerns being raised by Mr. SALAZAR. In that meeting, Mr. SALAZAR presented a detailed report supported by graphical evidence which clearly showed that MEI could not possibly fill its commitments to the Government and was misleading the Government in its bid / contract submissions.  Mr. SALAZAR specifically advised MONACO that the company had to stop making misrepresentations in the procurement process.

3.21  Within a week of the October meeting, Mr. SALAZAR was fired.  His termination was effected upon order of MONACO and BARNO, under the

COMPLAINT FOR DAMAGES
Pg. 7 of 12

DANO ♦ GILBERT
100 East Broadway • P.O. Box 2149
Moses Lake, WA  98837
(509) 764-8426 • FAX (509) 766-7764

consultation of CESARE.  CESARE was the individual who actually terminated Mr. SALAZAR.

    3.22  MR. SALAZAR was wrongfully discharged from his position with MEI in violation of state and federal law. As a result of the retaliation and wrongful discharge, MR. SALAZAR has suffered and will continue to suffer harm, including, without limitation: (a) past and future economic loss; (b) emotional distress; (c) prejudgment interest; (d) attorney's fees and costs and other relief necessary to make him whole.

### IV.  CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF 31 U.S.C. §§ 3729, 3730.

    4.1  Plaintiffs re-allege paragraphs 1.1 through 3.22 as though fully set forth herein.

    4.2  The False Claims Act (31 U.S.C. §§ 3729, 3730) contains a retaliation provision. Specifically, 31 USC §3730(h) states in relevant part:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or his employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.

COMPLAINT FOR DAMAGES  
Pg. 8 of 12

DANO ♦ GILBERT  
100 East Broadway • P.O. Box 2149  
Moses Lake, WA  98837  
(509) 764-8426 • FAX (509) 766-7764

4.3    MR. SALAZAR participated in lawful acts on behalf of MEI in furtherance of investigating and properly reporting suspected illegal activity, activity which violated federal contracting regulations, and constituted fraud, waste and abuse of government funds.

4.4    As a result of MR. SALAZAR's investigation and proper reporting to MONACO, BARNO and CESARE he was subjected to retaliation and was wrongfully terminated.

4.5    As a direct and proximate result of the retaliation of MONACO, BARNO and CESARE on behalf of, and in furtherance of the business interests of MEI and SA, and in conspiring to violate the False Claims Act and specifically, 31 USC §3730(h), MR. SALAZAR has suffered harm, including, without limitation: (a) past and future economic loss; (b) emotional distress; (c) prejudgment interest; (d) attorney's fees and costs and all other statutory relief and relief necessary to make him whole.

## V.    CAUSE OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

5.1    Plaintiff re-alleges paragraphs 1.1 through 4.5 as though fully set forth herein.

5.2    At all times material hereto, MR. SALAZAR was an employee of MEI.

5.3    MEI owed MR. SALAZAR a duty not to discharge him if the discharge were to contravene a clear mandate of public policy.

5.4    MEI breached the duty owed to MR. SALAZAR when it terminated him because he was exercising his legal rights pursuant to well settled state and federal law. MEI breached its duty by, without limitation:

COMPLAINT FOR DAMAGES
Pg. 9 of 12

DANO ♦ GILBERT
100 East Broadway • P.O. Box 2149
Moses Lake, WA 98837
(509) 764-8426 • FAX (509) 766-7764

        5.4.1   Violation of the False Claims Act (31 U.S.C. §§ 3729, 3730)

    5.5   As a direct and proximate result of MEI's wrongful discharge of MR. SALAZAR in violation of public policy, MR. SALAZAR has suffered harm, including, without limitation: (a) past and future economic loss; (b) emotional distress; (c) prejudgment interest; (d) attorneys' fees and costs.

## VI.  HANDBOOK CLAIM

    6.1   Plaintiff re-alleges paragraphs 1.1 through 5.5 as though fully set forth herein.

    6.2   MEI has, by and through the enactment of employment practices, policies and procedures, created an employment contract in fact between itself and MR. SALAZAR effectively creating an atmosphere of job security and fair treatment with specific promises of specific treatment in specific situations.

    6.3   MEI practices, policies and procedures effectively guaranteed MR. SALAZAR that as long as he followed policy and / or state and federal law he would not suffer retaliation or adverse employment actions.

    6.4   In terminating MR. SALAZAR in violation of state and federal law, MEI breached the promises of security and fair treatment as set forth by its practices, policies and procedures.

    6.5   As a result of the breach of the implied securities created by MEI practices, policies and procedures, MR. SALAZAR suffered harm, including, without limitation: (a) past and future economic loss; (b) emotional distress; (c) prejudgment interest; (d) attorney's fees and costs.

## VII.  CONSPIRACY

    7.1   Plaintiff re-alleges paragraphs 1.1 through 6.5 as though fully set forth herein.

COMPLAINT FOR DAMAGES  
Pg. 10 of 12

DANO ♦ GILBERT  
100 East Broadway • P.O. Box 2149  
Moses Lake, WA 98837  
(509) 764-8426 • FAX (509) 766-7764

7.2   SA and STEVE CESARE aided and abetted MEI, Monaco and Barno in conspiring to violate the False Claims Act and to wrongfully terminate SALAZAR.

7.3   SA, CESARE, MEI, MONACO and BARNO are liable under 31 U.S.C. §§ 3729, 3730 by conspiring to commit or attempting to commit an offense under the Act.

7.4   The conspiracy caused harm to Mr. SALAZAR in an amount to be set forth at trial.

## VIII. RELIEF REQUESTED

8.1   Plaintiff re-alleges paragraphs 1.1 through 7.4 as though fully set forth herein.

8.2   Based on the foregoing allegations, MR. SALAZAR respectfully asks the Court to award him the following relief:

    8.2.1  Money judgment in an amount necessary to compensate him for his actual damages, including back pay and prejudgment interest thereon, future economic loss and compensation for emotional distress and mental anguish, for all causes of action above named;

AND IN ADDITION to money damages, damages as follows as provided by specific law:

**FEDERAL LAW:**

8.3   For judgment against defendant MEI for all damages as allowed by federal law for violations of 31 U.S.C. §§ 3729, 3730:

    8.3.1  Reinstatement with the same seniority status Plaintiff would have had but for the discrimination, two (2) times the amount of

COMPLAINT FOR DAMAGES
Pg. 11 of 12

DANO ♦ GILBERT
100 East Broadway • P.O. Box 2149
Moses Lake, WA 98837
(509) 764-8426 • FAX (509) 766-7764

back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees.

8.3.2   Such other relief as the Court deems just and equitable to make the Plaintiff whole.

GENERALLY: Any and all other statutory and equitable relief as is available, and any the Court deems appropriate.

## IX.   DEMAND FOR JURY TRIAL

Plaintiff demands to have all claims and issues in the above-captioned case tried by jury.

DATED THIS 29th day of March, 2012.

**DANO ♦ GILBERT**

/s/ William A Gilbert
WILLIAM A. GILBERT, WSBA # 30592
Attorney for Plaintiff
100 East Broadway
Moses Lake, WA 98837
(509) 764-8426
Fax: (509) 766-7764
Email: bill@dgalaw.com

COMPLAINT FOR DAMAGES
Pg. 12 of 12

DANO ♦ GILBERT
100 East Broadway • P.O. Box 2149
Moses Lake, WA 98837
(509) 764-8426 • FAX (509) 766-7764