|   |   |   |
|---|---|---|
| 1 | MICHAEL J. HINES<br>WSBA# 19929 | The Honorable Lonny R. Suko |
| 2 | MICHAEL D. FRANKLIN | |
| 3 | WSBA# 34213<br>LUKINS & ANNIS, P.S. | |
| 4 | 1600 Washington Trust Financial Center<br>717 W Sprague Ave. | |
| 5 | Spokane, WA 99201-0466 | |
| 6 | Telephone: (509) 455-9555<br>Facsimile: (509) 747-2323 | |

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
## AT SPOKANE

MAXIMILLIAN SALAZAR III,

                Plaintiff,

v.

MONACO ENTERPRISES, INC.; and GENE MONACO and MARTI MONACO, husband and wife and the marital community thereof; and ROGER BARNO and NOELLE BARNO, husband and wife and the marital community thereof; and STRATEGIC ADVANTAGE, LLC; and STEVE CESARE and JANE DOE CESARE, husband and wife and the marital community thereof,

                Defendants.

NO. CV-12-186-LRS

DEFENDANTS' MOTION AND MEMORANDUM FOR PARTIAL SUMMARY JUDGMENT

**May 9, 2013, 6:30 p.m.**
**Without Oral Argument**

## **MOTION**

Defendants Monaco Enterprises, Inc., Gene Monaco and Marti Monaco, Roger Barno and Noelle Barno, Strategic Advantage, LLC, and Steve Cesare

DEFENDANTS' MOTION AND MEMORANDUM FOR
PARTIAL SUMMARY JUDGMENT: 1

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

00539858.1  3/20/13

(collectively, "MEI") move this Court under Fed. R. Civ. P. 56 for an Order dismissing Plaintiff Maximillian Salazar, III's ("Salazar") claims for: (1) wrongful termination in violation of public policy; and (2) conspiracy to retaliate and wrongfully terminate him under the False Claims Act, as a matter of law.

This Motion is made pursuant to Fed. R. Civ. P. 56 and is supported by the Memorandum of Authorities, Declaration Michael D. Franklin, and 56.1 Statement of Facts submitted herewith.

DATED this 20th day of March, 2013.

LUKINS & ANNIS, P.S.

By _____
MICHAEL J. HINES
WSBA# 19929
MICHAEL D. FRANKLIN
WSBA #34213
Attorneys for Defendants

DEFENDANTS' MOTION AND MEMORANDUM FOR
PARTIAL SUMMARY JUDGMENT: 2

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

00539858.1  3/20/13

## MEMORANDUM OF AUTHORITIES

### I. INTRODUCTION

This case involves the claim of retaliatory discharge. Indeed, retaliation is the underlying basis of Salazar's entire lawsuit; that is, Salazar claims that he complained to his employer, MEI, about suspected fraud, waste and abuse of government funds in violation of the federal False Claims Act ("FCA"), and that MEI terminated him in retaliation for bringing forth those complaints. While Salazar's allegations are hotly contested by MEI, they are not the focus of this Motion for Partial Summary Judgment. Rather, this Motion seeks the dismissal of two of Salazar's causes of action: (1) wrongful discharge in violation of public policy; and (2) conspiracy to retaliate and wrongfully terminate him under the FCA. Both of these claims are subsumed by Salazar's statutory retaliation claim.

Salazar's claim that he was wrongfully terminated in violation of public policy is subject to dismissal as a matter of law because it is expressly based on an allegation that MEI violated the public policies underlying the FCA. Under well-established Washington law (<u>Cudney v. Alsco</u>), Salazar cannot establish a prima facie claim for wrongful discharge in violation of public policy because the public policy in question is adequately protected by the FCA.

Likewise, Salazar's statutory claim that MEI "conspired" to retaliate against him and wrongfully terminate him in violation of the FCA's[1] conspiracy provision

---

[1] 31 U.S.C. §§ 3729-3733.

DEFENDANTS' MOTION AND MEMORANDUM FOR
PARTIAL SUMMARY JUDGMENT: 3

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

00539858.1  3/20/13

(31 U.S.C. §3729(C)) easily fails as a matter of law for at least two distinct reasons. First, the narrow conspiracy claims allowed under the FCA do not include a statutory cause of action for "conspiring" to retaliate against an employee. Rather, any and all conspiracy claims allowed relate to false and fraudulent acts committed against the federal government, not against individuals such as Salazar. Second, any cause of action for conspiracy under 31 U.S.C. §3729(C) must be brought by the U.S. Attorney General or on behalf of and in the name of the federal government. Because Salazar's action under 31 U.S.C. §3729(C) is brought on his own behalf, it fails as a matter of law.

## II.  BACKGROUND FACTS

MEI is a defense contractor based in Spokane, Washington. Statement of Facts ("SOF") at ¶ 1. MEI manufactures and installs life safety, asset protection, security/intrusion detection, fire protection, mass notification, readiness assurance and energy monitoring in various facilities around the world. Id. at ¶ 2. MEI's systems are used, in large part, to protect United States government facilities from domestic and international threats, including acts of terrorism. Id. at ¶ 3. Salazar was employed by MEI as an engineer in its Applications Engineering Department. Id. at ¶ 4. Salazar's employment was terminated on October 20, 2011. Id. at ¶ 5.

Salazar subsequently filed the current lawsuit against MEI alleging causes of action for: (A) retaliation under 31 U.S.C. §3730(h) of the FCA; (B) wrongful termination in violation of public policy; (C) breach of contract under MEI's employee handbook(s); and (D) a statutory claim that MEI conspired to retaliate

DEFENDANTS' MOTION AND MEMORANDUM FOR
PARTIAL SUMMARY JUDGMENT: 4

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

00539858.1  3/20/13

against him and wrongfully terminate his employment. Id. at ¶ 7.  Salazar's claims are based on allegations that beginning in late 2010, he and other unnamed MEI employees brought formal complaints to MEI concerning false reporting and violations of government contracting laws, and that he was retaliated against and terminated by MEI in response to his actions. Id. at ¶ 6.  MEI disputes Salazar's allegations.[2]  Id. at ¶ 8.

### III. LEGAL ARGUMENT

#### A. Summary Judgment Standard Under Fed. R. Civ. P. 56.

Federal Rule of Civil Procedure 56 articulates the familiar standard: summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  In order to rebut a moving party's summary judgment motion, the non-moving party must point to specific facts demonstrating a genuine factual issue for trial. Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 738 (9th Cir. 2000); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

---

[2] While MEI disputes Salazar's claims, none of these facts are at issue in the current Motion.  There are no facts in dispute regarding the legal viability of Salazar's claims for conspiracy and wrongful termination in violation of public policy.

DEFENDANTS' MOTION AND MEMORANDUM FOR
PARTIAL SUMMARY JUDGMENT: 5

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

00539858.1  3/20/13

**B.    Under the Recent Washington Supreme Court Decision in *Cudney v. Alsco*, Salazar's Claim for Wrongful Discharge in Violation of Public Policy Fails as a Matter of Law.** [3]

Washington is an at-will employment state; that is, "[a]bsent a definite contract, employment relationships are terminable at will." Cudney v. ALSCO, Inc., 172 Wn.2d 524, 529, 259 P.3d 244 (2011). In the context of an at-will employment relationship, either party may terminate the employment relationship at any time for any or no reason at all without fear of liability. Cole v. Red Lion, 92 Wn. App. 743, 750, 969 P.2d 481 (1998); Andrus v. WSDOT, 128 Wn. App 895, 899, 117 P.3d 1152 (2005).

However, Washington courts have recognized a narrow exception to the at-will employment doctrine: the tort of wrongful discharge in violation of public policy. Sedlacek v. Hillis, 145 Wn.2d 379, 385, 36 P.3d 1014 (2001); Danny v. Laidlaw Transit Servs., Inc., 165 Wash.2d 200, 208, 193 P.3d 128 (2008) ("[t]he wrongful discharge tort is narrow and should be 'applied cautiously.'"). In order to

---

[3] For purposes of this Motion, there is no dispute that the federal FCA and its accompanying regulations protecting employees against retaliation under the Act establish a clear public policy. Rather, the sole issue before this Court is whether the current laws and regulations provide an adequate means of promoting the public policy interests at issue (*i.e., the jeopardy element*).

DEFENDANTS' MOTION AND MEMORANDUM FOR
PARTIAL SUMMARY JUDGMENT: 6

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

00539858.1  3/20/13

establish a claim for wrongful discharge in violation of public policy, a plaintiff must satisfy the following four elements:

 (1) the existence of a clear public policy (the clarity element);

 (2) that discouraging the conduct in which [he] engaged would jeopardize the public policy (the jeopardy element);

 (3) that the public-policy-linked conduct caused the dismissal (the causation element); and, finally,

 (4) that [t]he defendant [has not] offer[ed] an overriding justification for the dismissal (the absence of justification element).

Cudney, 172 Wn.2d at 529 (internal quotations omitted). All four elements must be met in order to establish a prima facie claim for wrongful discharge in violation of public policy. Ellis v. City of Seattle, 142 Wash.2d 450, 459, 13 P.3d 1065 (2000).

Here, Salazar claims that his termination gives rise to a claim for wrongful discharge in violation of public policy; that is, Salazar maintains that he was terminated in retaliation for making complaints to MEI about potential violations of the federal FCA. See ECF No. 1; see also *Statement of Facts.* at ¶7. As discussed in more detail below, Salazar cannot establish the *jeopardy* element of his wrongful discharge claim.

In order to establish the *jeopardy element* of a wrongful discharge in violation of public policy claim, a plaintiff must show: (1) "that other means of promoting the public policy are inadequate"; and (2) "that the actions the plaintiff took were the '*only available adequate means*' to promote the public policy."

DEFENDANTS' MOTION AND MEMORANDUM FOR
PARTIAL SUMMARY JUDGMENT: 7

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

Cudney, 172 Wn.2d at 530 (emphasis in original). The question of whether adequate means of promoting public policy exist presents a question of law for the court to decide. See Korslund v. DynCorp Tri-Cities Servs., Inc. 156 Wn.2d 168, 182, 125 P.3d 119 (2005).

The Washington Supreme Court's decision in Cudney is directly on point and dispositive of the issue presented here. Cudney involved an employee termination shortly after the employee made complaints that his boss was allegedly driving a company vehicle under the influence of alcohol. Cudney, 172 Wn.2d at 526-28. Following his termination, Cudney brought a claim "for wrongful discharge in violation of public policy, claiming that he was terminated in retaliation for reporting [his boss's] drinking and driving." Id. at 528. On certification from the federal court, the Washington Supreme Court was called upon to decide whether Washington's Industrial Safety and Health Act of 1973 (WISHA) and Washington's DUI laws were adequate to promote the public policies underlying those laws. Id. at 526-528. The Court found that both WISHA and the state's DUI laws adequately promoted the stated public policies and, therefore, precluded Cudney's lawsuit. Id. at 527.

In arriving at its decision, the Cudney Court found that, the "tort of wrongful discharge in violation of public policy should be precluded unless the public policy is inadequately promoted through other means . . . ." Cudney, 172 Wn.2d at 530. The Cudney Court went on to provide that, "[i]n order to establish the jeopardy element, a plaintiff must show that other means of promoting the public policy are

DEFENDANTS' MOTION AND MEMORANDUM FOR
PARTIAL SUMMARY JUDGMENT: 8

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

00539858.1 3/20/13

inadequate." Id. The Court found that the protections provided by WISHA and the state's DUI laws were adequate to promote the public policy and, therefore, Cudney failed to carry his burden to show the inadequacy of the other laws. Id. at 530-31, 537. Therefore, Cudney's claim for wrongful discharge in violation of public policy was precluded. See id. at 538.

In Rose v. Anderson Hay and Grain Co., 168 Wn. App. 474, 478-79, 276 P.3d 382 (2012), Division Three of the Washington Court – relying, in part, on Cudney – recently found that the federal law prohibiting retaliation against an employee that refuses to operate a vehicle in violation of federal regulations provided an adequate remedy to protect the public interest and therefore precluded a common law claim for wrongful discharge in violation of public policy.

Here, Salazar maintains that he was terminated in retaliation for making complaints about fraud, waste and abuse of government funds under the federal FCA in violation of its anti-retaliation provision. (ECF No. 1 at ¶¶ 3.12-3.21, 4.4.) Plaintiff also contends that his discharge was in violation of public policy. (ECF No. 1 at ¶¶ 5.1-5.5). The public policy alleged by Salazar is the exercise of his rights under "**the False Claims Act (31 U.S.C. §§ 3729, 3730).**" (ECF No. 1 at ¶ 5.4.1) (emphasis added).

Similarly, in discovery, Salazar was asked to identify all matters of public policy at issue in his wrongful discharge claim. See Franklin Decl. at Ex. A. In response, Salazar pointedly indicates that the "clear public policy" is the condemnation against "fraud, waste and abuse of tax payer dollars[.]" See Franklin

DEFENDANTS' MOTION AND MEMORANDUM FOR
PARTIAL SUMMARY JUDGMENT: 9

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

Decl. at Ex. A. Thus, the only public policy at issue in this lawsuit is the public policy underlying the federal FCA.

However, the FCA already protects employees from being "discharged . . . threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee in . . . in furtherance of an [FCA] action[.]" 31 U.S.C. § 3730(h)(1). Therefore, in order to withstand summary judgment dismissal of his claims, Salazar must establish that the FCA and its enforcement mechanism and penalties are inadequate to protect the public from retaliation for filing claims under the FCA. See Cudney at 537.

In terms of remedies available to Salazar under the anti-retaliation provision of the Act, they are quite broad. Upon a finding of retaliation under the FCA, a court can order "reinstatement with the same seniority status . . . 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees." 31 U.S.C. § 3730(h)(2). These remedies far exceed the remedies available under Washington's common law tort of wrongful discharge in violation of public policy. Given the hefty civil liability for retaliation under the federal FCA, Salazar simply cannot show that the FCA remedies are inadequate. See 31 U.S.C. § 3730(h).

The FCA provides a clearly adequate protection of the public interest and thereby precludes Salazar's claim for wrongful discharge in violation of public

DEFENDANTS' MOTION AND MEMORANDUM FOR
PARTIAL SUMMARY JUDGMENT: 10

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

00539858.1  3/20/13

policy under <u>Cudney</u> and its progeny. Thus, summary judgment dismissal of Salazar's claim is warranted.

C. **Salazar's Statutory "Conspiracy" Claim Under 31 U.S.C. §3729 Fails as a Matter of Law.**

Salazar has brought both a retaliation claim under the anti-retaliation provision of the FCA,[4] related to allegations that he was retaliated against and wrongfully terminated for investigating and reporting suspected fraud, waste and abuse of government funds,[5] and a separate statutory claim for "conspiracy," based on the same facts; namely, allegations that MEI conspired to retaliate against Salazar and wrongfully terminate his employment because he investigated and reported suspected fraud and waste of government funds.[6] Salazar's claim that

---

[4] 31 U.S.C. §3730(h) provides a private right of action for: "[a]ny employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under [the FCA]." This claim for retaliation necessarily subsumes and includes any claim that MEI "conspired" to retaliate against him.

[5] SOF at ¶ 7.

[6] <u>See id.</u> (confirming through discovery responses that the conspiracy claim relates to the allegations that "[s]hortly after reporting suspected fraud, waste or abuse . . . Salazar was terminated[,]" and was done "in an attempt to prevent him from furthering his investigation and concern about fraud, waste and abuse").

DEFENDANTS' MOTION AND MEMORANDUM FOR
PARTIAL SUMMARY JUDGMENT: 11

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

00539858.1  3/20/13

MEI violated the FCA by conspiring to wrongfully terminate his employment is not a recognized cause of action under the FCA. The "conspiracy" claim otherwise fails as a matter of law because the claim has not been brought by the U.S. Attorney General or on behalf of and in the name of the federal government. Therefore, it should be dismissed as a matter of law.

The FCA is a federal statute penalizing the knowing submission of false or fraudulent claims to the federal government. The narrow "conspiracy" provisions of the FCA are found in §3729(a)(1)(A)-(G), wherein any person who "conspires to commit a violation" of the identified subsections of §3729 is liable to the federal government for various fines, penalties, and damages. See 31 U.S.C. §3729(a)(1)(A)-(G). Notably, these provisions all specifically deal with various false claims, transmissions, statements and other fraudulent acts directed toward the federal government, not individuals. See id. They do not reference or implicate a conspiracy to violate the anti-retaliation provision of the FCA, which is found under §3730(h), or otherwise apply to claims brought to remedy individual claims.

Thus, with reference to the plain language of the FCA, there is no statutory claim under the FCA for conspiracy to retaliate against an employee, and Salazar's claim that MEI somehow violated §3729 by conspiring to terminate him is subject to dismissal as a matter of law.

If this were not enough for summary judgment dismissal, any claim brought under §3729 – necessarily including a statutory conspiracy claim under §3729(C) –

DEFENDANTS' MOTION AND MEMORANDUM FOR
PARTIAL SUMMARY JUDGMENT: 12

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

00539858.1  3/20/13

can only be brought by the U.S. Attorney General or on behalf of the federal government and in the government's name. 31 U.S.C. §3730(b)(1).

Thus, even if Salazar's claim for conspiracy to violate the anti-retaliation provisions of the FCA was a recognized statutory claim (which it is not), the claim is not by the U.S. government or on its behalf. Rather, the "conspiracy" claim is brought by Salazar in his own name and on his own behalf.[7] This is a separate basis to dismiss Salazar's conspiracy claim as a matter of law.

### III.    CONCLUSION

For the foregoing reasons, MEI respectfully requests that the Court grant its Motion for Partial Summary Judgment and dismiss Salazar's claims for conspiracy and wrongful discharge in violation of public policy.

DATED this 20th day of March, 2013.

LUKINS & ANNIS, P.S.

By _____
MICHAEL D. FRANKLIN
WSBA# 34213

---

[7] (See generally ECF No. 1).

DEFENDANTS' MOTION AND MEMORANDUM FOR
PARTIAL SUMMARY JUDGMENT: 13

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

00539858.1 3/20/13

CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below,

1. I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **William Gilbert and all CM/ECF participants.**

2. I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participant(s) at the address(es) listed below: **None**

3. I hereby certify that I have mailed by United States Postal Service the foregoing document to the following CM/ECF participant(s) at the address(es) listed below: **None**

4. I hereby certify that I have hand delivered the foregoing document to the following participants at the address(es) listed below: **None**

EXECUTED on March 20, 2013, at Spokane, Washington.

/s/Daena Skobalski
Daena Skobalski
Legal Secretary to Michael D. Franklin

DEFENDANTS' MOTION AND MEMORANDUM FOR
PARTIAL SUMMARY JUDGMENT: 14

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

00539858.1 3/20/13