UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MAXIMILLIAN SALAZAR III,

Plaintiff,

-vs-

MONACO ENTERPRISES, INC.; and GENE MONACO and MARTI MONACO, Husband and wife and the marital community thereof; and ROGER BARNO and NOELLE BARNO, Husband and wife and the marital community thereof; and STRATEGIC ADVANTAGE, LLC; and STEVE CESARE and JANE DOE CESARE, Husband and wife and the marital community thereof,

Defendants.

NO. CV-12-0186-LRS

**ORDER RE DISCOVERY MOTIONS**

**BEFORE THE COURT** are multiple discovery motions, argued at the scheduled motion hearing on February 26, 2014. William A. Gilbert participated on behalf of the Plaintiff. Michael E. McFarland, Jr. participated on behalf of the Defendants. The Court having considered the oral and written argument of counsel, enters this Order to memorialize and supplement the oral rulings of the Court.

Accordingly,

**IT IS HEREBY ORDERED:**

A. Plaintiff's First Motion to Compel, **ECF No. 21**, is **DENIED.**

B. Defendants' Motion for Protective Order, **ECF No. 29**, is **DENIED as MOOT.**

C. Defendants' Motion for Protective Order Preventing the Depositions of Noelle Barno and Richard Barno, **ECF No. 43**, is **granted in part and denied in part.** The motion is denied as to Richard Barno. The motion is granted as to Noelle Barno. Plaintiff's request that the Court censure defendants and consider monetary sanctions is respectfully denied.

D. Plaintiff's Motion to Compel 30(b)(6) Deposition of Monaco Enterprises, Inc., **ECF No. 51**, is **GRANTED.** The Court ruled with specificity regarding "Topics of Examination" (items 1 through 28) of Plaintiff's Third Notice for Deposition of Monaco Enterprises, Inc. The rulings are as follows:

1. Defendants' answers, affirmative defense, and any counterclaims: Defendants' objection sustained for vagueness.

2. Identification of documents: Defendants will provide such documents to the extent they exist and are deemed relevant.

3. The history of MEI: Plaintiff has withdrawn this topic.

4. The organizational structure and management of MEI from 2003-present: Defendants' objection overruled.

///

5. MEI policies procedures, custom and practice: Defendants' objection overruled in part and grant in part. Specifically the Court sustained the objections to the topic of subsection 5-f (employee wages/salary/bonus) finding this topic was not a 30(b)(6) topic at this juncture and sustained Defendants' objections to subsections 5-i, 5-j and 5-k (FMLA, ADA, ADEA).

6. Training provided to employees in regard to FMLA, ADA, ADEA and whistleblower laws: Defendants' objections to all training topics sustained except training re: whistleblower laws.

7. The Salazar Employment Security Department hearing: Defendants' objection sustained and the Court found this was not a 30(b)(6) topic.

8. All aspects of Salazar's employment with MEI: Defendants and Plaintiff concurred this was a relevant and discoverable 30(b)(6) topic.

9. MEI contracting and contracts with the Government: Defendants' objections were overruled in part. The Court found that the topic would be allowed to the extent it relates to general contract practices (drafting, bidding, review, approval, negotiations, pricing, completion) however, without reference to any specific contract.

10. MEI training and management knowledge of U.S. Government contracting rules/regulations that apply specifically to MEI in their contracting with U.S. government entities. The Court rewrote the

topic description as follows: ”MEI training and knowledge of U.S. Government contracting rules and regulations that apply to per diem rates, completion dates, and rates allegedly billed by the defense, related to any complaints that the plaintiff in this case made.”

11. MEI training and management knowledge of the False Claims Act. The Court rewrote the topic description as follows: MEI knowledge and training of the False Claims Act.

12. MEI company finance and accounting: Defendants’ objection sustained.

13. MEI employment of Noelle Barno. Defendants’ objection sustained.

14. MEI employment of Richard Barno. Defendants’ objection sustained as this employee can be deposed.

15. MEI employment of Marti Barno. Defendants’ objection sustained as this employee can be deposed.

16. MEI employment of Roger Barno. Defendants’ objection sustained as this employee can be deposed.

17. Dividends paid for the years 2007-present: Defendants’ objection overruled.

18. Bonuses paid to individual employees in 2011 and 2012: Defendants’ objection overruled.

19. The employment history and termination to include job function, performance history, job description, wage history, absences, age, and any record of concerns or complaints raised by the

26 listed employees regarding fraud or corruption in MEI government contracting: Defendants' objections sustained except as to any record of concerns or complaints raised regarding fraud or corruption in MEI government contracting by any of the 26 employees listed in paragraph 19.

20. Issues, concerns, complaints oral or otherwise, concerning any question, allegation, or suggestion of misrepresentation, fraud, or corruption in MEI contracting with the Government raised by any individual named in topic 6 [sic] 19: Defendants' objection overruled.

21. MEI training on Okinama: Defendants' objection sustained and this topic is stricken.

22. Wage and hour policies specific to contracts with the government as well as subcontracts: Defendants' objection sustained and this topic is stricken.

23. Wage and Hour/per diem laws: Defendants' objection overruled.

24. Cost information: Defendants' objection sustained and this topic is stricken.

25. Pricing data: Defendants' objection sustained and this topic is stricken.

26. Systems integration: Defendants' objection sustained and this topic is stricken.

///

27. Contractor verification requirements: Defendants' objection sustained and this topic is stricken.

28. Timeliness of contract completion and extensions of time requested on all government contracts entered into since 2007: Defendants' objection sustained and this topic is stricken.

E. Plaintiff's Motion for Discovery Leave to Serve Additional Interrogatories, **ECF No. 55,** is **GRANTED.** An additional 15 interrogatories are allowed.

F. Defendants' Motion to Strike Declaration in Opposition to Motion (Portions of Declaration), **ECF No. 60,** is **GRANTED in part** to the extent hearsay is raised within the declaration.

G. Plaintiff's Motion to Compel, **ECF No. 90,** is **GRANTED in part and DENIED in part.** As indicated on the record, Plaintiff shall have an additional 15 interrogatories, for a total of 45 interrogatories, including related subparts under the Federal Rules of Civil Procedure. To the extent Plaintiff will be using the original 30 interrogatories served upon Defendants, the Court makes the following rulings on the interrogatories objected to:

1. Interrogatory 15: List of all employees past or present authorized to sign off on bids: **Objection sustained.**

2. Interrogatory 16: All employees authorized to sign off on any negotiated contracts with government agencies on behalf of MONACO: **Objection sustained.**

///

3. Interrogatory 17: List of all employees past or present who are or were authorized to make changes to price mark-ups and other cost and pricing data used by MEI in their contracting with the U.S. Government: **Objection sustained.**

4. Interrogatory 18: List of all employees, past or present, who are or were authorized to determine prices and cost/pricing mark-ups that were submitted to any U.S. Government agency by MEI. The list should include the employee name, dates of service with Monaco and contact information if available. This request is limited in time to the period between January 1, 2007 and the date of this request. **Objection overruled.**

5. Interrogatory 19: Identify with specificity, the reason or reasons why MEI terminated Plaintiff's employment. **Objection overruled.**

6. RFP[1] 134: Documents related to Interrogatory 19. **Objection overruled.**

7. RFP 132: All discovery exchanged in *McGillen v. Monaco* case. **Objection sustained.**

8. RFP 133: Produce training materials, employment manuals, job descriptions, and other employee guidance materials provided to Plaintiff during his tenure with MEI. **Objection overruled.**

///

[1] "RFP" is Request For Production.

9. Interrogatory 20: Request for discipline information on Plaintiff. **Objection overruled.** Relevant.

10. RFP 135: Produce discipline related information on Plaintiff. **Objection overruled.** Relevant.

11. Interrogatory 21: Identify all compensation MEI paid to Eugene Monaco in calendar years 2006, 2007, 2008, 2009 and 2010, 2011, and 2012, including, but not limited to, salary, bonuses and benefits. **Objection sustained.**

12. RFP 136: Produce documents and information related to compensation paid to Eugene Monaco-2006 through 2012. **Objection sustained.**

13. Interrogatory 22: Identify all compensation MEI paid to Roger Barno in calendar years 2006, 2007, 2008, 2009, 2010, 2011, 2012. **Objection sustained.**

14. RFP 137: Produce documents and information related to compensation paid to Roger Barno. **Objection sustained.**

15. Interrogatory 23: Identify all compensation MEI paid to Noelle Barno in calendar years 2006, 2007, 2008, 2009, 2010, 2011, and 2012. **Objection sustained.**

16. RFP 138: Produce documents and information related to compensation paid to Noelle Barno. **Objection sustained.**

17. Interrogatory 24: Identify all compensation MEI paid to all other family, and household members (people who reside in a residence occupied by Barno or Monaco), of Eugene Monaco and/or Roger Barno not

specifically identified above in calendar years 2006, 2007, 2008, 2009, 2010, 2011 and 2012. **Objection sustained.**

18. RFP 1: Produce documents and information related to compensation paid to household members of Eugene and Roger Barno. **Objection sustained.**

19. RFP 2: All data related to every Employee Opinion Survey (EOS) and all EOSs correspondence and notes from January of 2000 through January 31, 2011. MEI responds that there are no EOSs from November of 2010 to present and objects based on irrelevant, confidential, proprietary, overly broad as to time frame. **Objection overruled.** To the extent EOSs exist for the time period January 1, 2007 through the date of the RFP-they are to be produced.

20. RFP 3: "Manager Notebooks" for Lynnae McGuillen and for any other managers from January 1, 2007 to present: **Objection overruled in part and granted in part.** Only manager notebooks for those managers with supervisory authority over Mr. Salazar need to be provided. Any issues of confidentiality may require a protective order.

21. RFP 142: All MEI affirmative actions plans since 2000, including each draft. **Objection overruled.**

22. Interrogatories 25: Identify each employee terminated or "laid off" from MEI from January 18, 2010 through the date of answering these Interrogatories; identify by name, position(s) held,

///

date of termination and reason for termination. **Objection overruled.** Any issues of confidentiality may require a protective order.

23. RFP 143: All terminated/laid off employees since January 18,2010 and produce all data related to the terminations and lay offs. **Objection sustained. Names required in response to Interrogatory 25.**

24. RFP 144: All documents showing all money paid by MEI to independent contractors and all 1099s 2007 through 2012. **Objection sustained.**

25. RFP 145: All payments made to Pro Tech by MEI from January 1, 2010-present. **Objection sustained.**

26. RFP 146: All documents regarding Noelle Barno's actual work performed from January of 2010-present. **Objection sustained.**

27. RFP 147: Noelle Barno's job description. **Objection sustained.**

28. RFP 148 and 149: Same information (actual work performed from January of 2010-present and job description) as to Richie Barno. **Objection sustained, except job description shall be provided.**

29. RFP 150: Provide copies of all Form 1099 and/or other documentation reflecting payments made by MEI to John Ames (maintenance person) from January 2009 through the date of this request. **Objection sustained.**

30. RFP 151: BGLL's (financial consultants) information. **Objection sustained.**

///

31. RFP 4: All documents to and from accountant John Tisdale (MEI's accountant) from January of 2009-present. **Objection sustained.**

32. Interrogatory 26: A list of persons involuntarily terminated by MEI since January 18, 2011. **Objection sustained.** This inquiry is covered by Interrogatory 25 referenced above.

33. Interrogatory 27 and RFP 152: Information and copies of any Federal False Claims Act complaints or claims related to MEI since January 1, 2001. **Objection overruled,** however limited to any complaints which are filed in court and are publicly available as well as any unfiled or informal claims of which Defendant has knowledge.

34. RFP 153: Copies of all bids and documents submitted on any federal project since January 1, 2006. **Objection sustained.**

35. Interrogatory 27 and RFP 154: Any complaints or claims (and all documents related to this request) under the Federal False Claims Act, 31 U.S.C. § 3729-3733, related to MEI brought at anytime since January 1, 2001. **Objection sustained.** Information sought is largely duplicative of Interrogatory 27 and RFP 152.

36. Interrogatory 28 and RFP 155: List of former employees who have quit or been terminated that MEI has contacted to inform them of confidentiality of all documents and information learned while at MEI (and all documents related to this request). **Objection sustained.**

37. Interrogatory 29: Specify all information that MEI deems is confidential, proprietary, or a trade secret. **Objection sustained.**

///

38. RFP 156 and RFP 157: All "Spy Cobra" (surveillance devices) information and every mechanism from January 10, 2010. **Objection sustained.**

39. Interrogatory 30: Information on all employees who left MEI since January 1, 2010. **Objection sustained**, except overruled as to employees who left on their own who were not earlier named, including names, dates of employment and last known contact address.

H. Plaintiff's Third Motion to Compel Discovery, **ECF No. 170**, is **GRANTED in part** and **DENIED in part.**

1. RFP 158: Produce a complete copy of each and every document or "information" which MEI suggests Mr. Salazar "has accessed and/or misappropriated" to form the basis for his allegations in the Complaint that MEI targeted specific individuals for termination. **Objection overruled to the extent that MEI has accused Plaintiff Salazar of accessing information without authorization.** Such information claimed by MEI to have been so accessed, if known, shall be produced.

2. RFP 159: Produce all documentary evidence including all electronics regarding high level decisions leading to termination of employees since January 1, 2011. **Objection sustained.**

3. RFP 161: Produce all handwritten notes or memos exchanged between Lynnae McGuillen, Roger Barno and Gene Monaco from October 1, 2010-March 1, 2011. MEI indicates it will make such documents

///

available as to Plaintiff, but objects as to other employees. **Objection sustained as to other employees.**

4. RFP 162: All financial information from CNA Insurance policy No. 425361471 (a claims made, "wasting" policy with a $1,000,000.00 employment practices liability limit) and all attorneys hours, hourly rates, etc., for MEI and all documents. **Objection sustained, except that Defendants will provide a summary of coverages and a copy of any liability provisions in such policy(s) implicated by the litigation which would be pertinent to payment of claims asserted by Plaintiff.**

5. RFP 163: Produce a copy of the most recent memo, letter, statements, invoice, ledger, email, or other document which sets forth the balance remaining on the CNA policy. **Objection sustained.**

6. RFP 164: Copy of all documents that MEI sent to CNA giving it notice of claims being made against MEI. **Objection sustained.**

7. RFP 165: All documents regarding any requests MEI has made requiring current employees to fill out papers with nondisclosure or confidentiality clauses. **Objection sustained.**

8. RFP 166: All documents relating to MEI transferring or liquidating assets. **Objection sustained.**

9. RFP 167: MEI has been working with other entities or individuals in anticipation of opening a business using MEI proprietary and confidential information, and products. Produce all documents or things that have been gathered or created in anticipation of opening this business(s). **Objection sustained.**

10. RFP 168: In June of 2013 MEI laid off several employees. Produce any existing list which sets forth which employees were laid off (with contact information) as well as all documents which serve to give notice to each employee of their status as being laid off and any documents or emails which discuss the layoffs and any formal documents identifying the layoff as a RIF. **Objection sustained except that names of employees laid off in June of 2013 along with contact information shall be produced.**

11. RFP 169: Same as RFP 168 but regarding employees given notice of reduction in pay as a result of MEI's current financial concerns. **Objection sustained except names of employees given notice of reduction in pay during June 2013 along with contact information will be provided.**

12. RFP 170: All documents between MEI and government agencies informing agencies that MEI was laying off and cutting pay of employees. **Objection sustained.**

13. Interrogatory 6 and RFP 15: Have you (Roger Barno) ever been named as an executor, trustee, trustor, grantor, donor, creator, or beneficiary in any Trust? If so, provide all documents. **Objection sustained.**

14. Interrogatory 8 and RFP 17: Requests information regarding Roger Barno’s engagement in the foundation of any business since March 29, 2012. **Objection sustained.**

///

15. Interrogatory 9: Whether Roger Barno is aware of any sale, liquidation, forfeiture, transfer of title or deed, gifting, or other transfer of any property or asset by his employer, Monaco Enterprises, Inc., occurring since the date of this lawsuit (March 29, 2012). **Objection sustained.**

16. Interrogatory 7 and RFP 15: Have you (Gene Monaco) ever been named as an executor, trustee, trustor, grantor, donor, creator, or beneficiary in any Trust? If so, provide all documents. **Objection sustained.**

17. Interrogatory 10: Are you (Gene Monaco) aware of any sale, liquidation, forfeiture, transfer of title or deed, gifting, or other transfer of any property or asset by your employer, Monaco Enterprises, Inc., occurring at any time since the date this lawsuit was filed (March 29, 2012). **Objection sustained.**

I. Plaintiff's Motion for Discovery re Extend Duration of Deposition of Gene Monaco, **ECF No. 187**, is denied as moot based on the parties' stipulation communicated to the Court on February 27, 2014 that an additional two weeks was agreed upon.

J. Plaintiff's Ex Parte Motions, **ECF Nos. 33 and 68**, are **STRICKEN** as improperly filed *ex parte*.

///

///

///

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order.

**DATED** this 27th day of March, 2014.

***s/Lonny R. Suko***

LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE