UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAXIMILLIAN SALAZAR III, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> MONACO ENTERPRISES, INC., GENE ) <br> MONACO, and ROGER BARNO, ) <br> ) <br> Defendants. ) <br> ) <br> ) | NO. CV-12-0186-LRS <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 296)** |

**BEFORE THE COURT**, is Plaintiff's Motion For Reconsideration of Order Re: Defendants' Motion For Sanctions, ECF No. 296, filed on June 13, 2014, and noted without oral argument for July 14, 2014. Plaintiff asks the court to reconsider its June 6, 2014 "Order Re Defendants' Motion For Sanctions" (ECF No. 282) which ordered sanctions against Plaintiff's counsel, William Gilbert, under Fed.R.Civ.P., Rule 26(g).

A motion for reconsideration can only be granted when a district court: (1) is presented with newly discovered evidence; or (2) committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).

ORDER - 1

Plaintiff asserts the Court's decision was in error in that it "intrudes and undermines the attorney client privilege and the work product doctrine." ECF No. 296 at 2. Plaintiff argues that the Court should have called for an *in camera* review to determine the potential evidentiary value of the documents concerning Rodney Barno, a brother to Defendant Roger Barno. Plaintiff maintains the documents at issue have a purpose in this case or they would never have been gathered by Plaintiff's counsel and produced to Defendants. Plaintiff further points out that the disclosed documents were publicly available. Plaintiff claims the purpose of these documents is at the heart of the issue currently before the Court. Plaintiff concludes the purposes clearly and unquestionably fall within the category of "opinion" work product, which enjoys nearly absolute immunity. ECF No. 296 at 5.

Plaintiff contemporaneously filed an *in camera* document with his motion to reconsider. ECF No. 297. The undersigned has reviewed said document and is still perplexed as to the relevance of Defendant Barno's brother's criminal history either for direct testimony or impeachment. Rodney Barno is not involved in this litigation as a witness or a party, and counsel for Plaintiff has failed to provide reasonable evidence to show otherwise.

*In camera* review is a process by which individual documents/materials are identified for potential admissibility or disclosure. In the matter for which reconsideration is requested, the documents were public court records or newspaper articles. What was not

disclosed was the relevance Rodney Barno's criminal history had on the retaliation case brought by Plaintiff Salazar against three Defendants, one of which is merely a brother to Rodney Barno.

The Court will not reconsider its Order (ECF No. 282). Plaintiff's *in camera* document (ECF No. 297) filed with Plaintiff's motion for reconsideration, fails to show the Rodney Barno documents or his criminal history have any evidentiary value for this retaliation case whatsoever. The Court finds that the materials certified by counsel under FRCP 26 violate the terms of the rule and that reconsideration is not merited.

Accordingly,

**IT IS HEREBY ORDERED** that: Plaintiff's Motion For Reconsideration, **ECF No. 296,** is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order.

**DATED** this 11th day of July, 2014.

*s/Lonny R. Suko*

LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3