UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAXIMILLIAN SALAZAR III,          )
                                  )      NO.  CV-12-0186-LRS
                                  )
                Plaintiff,        )   **ORDER RE PLAINTIFF'S MOTION**
                                  )   **FOR PARTIAL RECONSIDERATION**
     -vs-                         )   **OF COURT'S RULING ON**
                                  )   **DEFENDANTS' MOTIONS IN**
MONACO ENTERPRISES, INC.,         )   **LIMINE**
GENE MONACO, and ROGER            )
BARNO,                            )
                                  )
                Defendants.       )
                                  )
_____ )

   **BEFORE THE COURT,** and now under advisement, is Plaintiff's
[Motion for] Partial Reconsideration of Court's Order on
Defendants' Motions in Limine, ECF No. 370, filed on February
25, 2015.

   Plaintiff Maximillian Salazar III requests reconsideration
based on "clear error" of the following rulings regarding
Defendant Monaco Enterprises, Inc. ("MEI"), Defendant Gene
Monaco, and Defendant Roger Barno's (collectively
"Defendants") Motions in Limine (ECF No. 269) made at the

ORDER - 1

February 19, 2015 Motion Hearing:  5, 16, 48, 53, 65, 72, 83, and 98.   Plaintiff also requests reconsideration of the following rulings made with regard to Defendants' Exhibits: 101 and 102.  The Court will address Plaintiff's requests for reconsideration of these matters below.

A motion for reconsideration can only be granted when a district court: (1) is presented with newly discovered evidence; or (2) committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law.  *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).

**A.   Motions In Limine** ("MIL")

> 1.   **MIL 5:**  Any reference or evidence to other proceedings or investigations whether filed or unfiled.

The Court granted MIL 5 at the motions hearing.  Plaintiff argues that the best evidence that Salazar believes MEI was committing fraud is his later report of that fraud to the U.S. Government. Plaintiff argues as the relator in a Qui Tam proceeding, he should be able to testify to the fact that the U.S. Government initiated said Qui Tam proceeding. Plaintiff asserts that it is clear in the Ninth Circuit that

ORDER - 2

consolidated Qui Tam and retaliation cases allow such evidence to be considered.

Defendants argue that the status or pursuit of other proceedings against MEI are irrelevant to this litigation. Defendants further argue that anything Plaintiff did after he was terminated is not relevant.

The Court will deny Plaintiff's request to reconsider MIL 5 based on the reasons expounded in the Orders Denying Consolidation of Cases (ECF Nos. 274, 311).

2.  **MIL 16:** Any and all reference to or evidence of gross or net profits, profitability or lack thereof of MEI.

The Court reserved its ruling on MIL 16. Plaintiff requests the Court to deny MIL 16 based on the possible need to impeach individual defendant(s). The Court refrains from reconsidering its prior ruling in recognition of needing contextual information in order to rule on this motion.

3.  **MIL 48:** Any and all statements by any witness expressing a personal opinion that MEI 'over charging,' 'over billing' or 'gouging' the government or other customers.

The Court granted MIL 48. Plaintiff argues the testimony of others that shared Mr. Salazar's concern is the best

evidence that a "reasonable employee in the same or similar circumstances" would have believed MEI might be committing fraud, the objective belief element of his FCA retaliation claim.

Defendants assert that the Court has already stated that it will allow Plaintiff to make an offer of proof for this type of testimony if Plaintiff can show that any such termination of another MEI employee was sufficiently similar to Salazar's.

In light of the Court's reconsideration of the relationship[1] between Title VII's anti-retaliation provision and the FCA whistleblower statute, the Court will reconsider its earlier ruling and reserve ruling on MIL 48 for the purpose of enabling admissible evidence of the objective belief element of Plaintiff's FCA retaliation claim to be received. In particular, evidence that a "reasonable employee in the same or similar circumstances" would have believed MEI was allegedly committing fraud may, if otherwise admissible,

---

[1]In adopting the [reasonable belief] standard, the *Moore* court drew upon its interpretation of Title VII's anti-retaliation provision. *See Moore v. Cal. Inst. of Tech. Jet Propulsion Lab.*, 275 F.3d 838, 845 n. 1 (9th Cir.2002)(*citing Trent v. Valley Elec. Ass'n*, 41 F.3d 524, 526 (9th Cir.1994)).

ORDER - 4

be heard. Free floating hearsay will not qualify for admissibility.

    4. **MIL 53:** Any reference to MEI employee attrition, termination, layoffs, or firings including Scott Barrick, Brenda Osborne or Jake Osborne, or any employee other than Mr. Salazar.

Plaintiff asserts that MIL 53 is overly broad and although the Court granted the motion, it remarked that Plaintiff could make an offer of proof at the appropriate time for the admission of such evidence. Plaintiff argues this ruling was in error because such evidence is relevant and admissible to provide circumstantial evidence of the employment environment at MEI during this time period and to help explain the pretexual basis for Plaintiff's termination.

Defendants argue that if Plaintiff had evidence that the departures of Mr. Barrick, Ms. Osborne or Mr. Osborne correlated to Plaintiff's termination, he certainly would have pointed that information out to the Court. But they have failed to do so.

The Court will reconsider its earlier ruling and **RESERVE** on MIL 53, recognizing that it may be appropriate to develop

///

ORDER - 5

the evidence of pretext and retaliation through circumstantial evidence.

5. **MIL 65:** Any and all reference to or evidence that any employee brought any concerns to MEI management's attention of alleged waste, fraud or abuse in the absence of a showing, outside the presence of the jury, that said employee was thereafter terminated by MEI.

The Plaintiff has not shown that the Court's ruling is clearly in error. However, in an abundance of caution and in light of all the factors impacting trial, the Court will reserve.

6. **MIL 72:** Any reference to insurance coverage and/or settlement negotiations.

The Court will not reconsider its earlier ruling.

7. **MIL 83:** Precluding/preventing plaintiff from questioning witnesses out of court statements made by various witnesses in the case to elicit whether the witness agrees or disagrees with the opinions, conclusions, surmise and conjecture contained therein.

The Court will reserve until the content is before the Court.

8. **MIL 98:** Evidence or testimony relating to alleged complaints about MEI's compliance or lack of compliance with wage and hour laws, made by Jake Osborne, Jason Voss or other employees

ORDER - 6

Plaintiff argues that this information, like over-billing for travel expenses, is relevant to the alleged fraudulent activity at or about the time of Salazar's termination.

Defendants assert that complaints made by other employees regarding unrelated issues have nothing to do with Salazar's claims.  Defendants note that Plaintiff has never complained about wage and hour laws in his case.

The Court earlier reserved on this issue until a nexus is shown between the complaints and retaliation of an employee making such complaints. Therefore, the earlier ruling will not be changed.

**B.   Exhibits 101** (2011 Employee Handbook) and **Exhibit 102** (Acknowledgment of At-Will employment Status signed by Plaintiff, dated 6/7/2011)

Plaintiff argues that in  light of what he perceives as the Court's "restraints  in  other  areas  surrounding Plaintiff's case," it would be error to admit evidence or argument of Mr. Salazar's at-will employment status through the Employee Handbook.  Plaintiff, in conjunction with this motion, withdraws his own Exhibit 1, the 2011 employment manual.

ORDER - 7

Defendants oppose such motion explaining that if the Plaintiff cannot prove that his termination was retaliatory, the jury has a right to know that MEI was at liberty to terminate him.

The Court stands by its earlier ruling admitting Exhibits 101 and 102 recognizing that a jury instruction will likely be needed to explain the tension inherent in the components of an FCA claim and at-will employment.

Accordingly,

**IT IS HEREBY ORDERED** that: Plaintiff's [Motion for] Partial Reconsideration of Court's Order on Defendants' Motions in Limine, **ECF No. 370, GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order.

**DATED** this 5th day of June, 2015.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE