UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAXIMILLIAN SALAZAR III,      ) | NO.  CV-12-0186-LRS |
|           Plaintiff,    ) | |
|          -vs-        ) | **ORDER RE PLAINTIFF'S MOTION** |

MAXIMILLIAN SALAZAR III,

       Plaintiff,

    -vs-

MONACO ENTERPRISES, INC., GENE
MONACO, and ROGER BARNO,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

NO.  CV-12-0186-LRS

**ORDER RE PLAINTIFF'S MOTION
FOR RECONSIDERATION OF
ORDER RE: PLAINTIFF'S SECOND
MOTION FOR SANCTIONS (ECF
NO. 386)**

**BEFORE THE COURT**, is Plaintiff's Motion for Reconsideration of Order Re:
Plaintiff's Second Motion for Sanctions (ECF No. 386).

Plaintiff Maximillian Salazar III requests reconsideration because "[t]he Court's
ruling is not in concert with the facts before it, and well settled law."  ECF No. 386 at 2.
Specifically, Plaintiff argues that the Gantt chart produced on May 30, 2014 is not the
"correct" chart responsive to RFP 38 because it does not contain a progression of charts[1].

---

[1] RFP 38:  "Produce a copy of [6sic] Visio master project schedule created by Mr.
Salazar that was presented in the meeting referenced above."  See page 4, ECF 384.

ORDER - 1

The May 30, 2014 disclosure is limited in scope to the October 4, 2011 email and attached "schedule test.pdf". Plaintiff argues the "correct" chart that should have been disclosed in response to RFP 38, was "schedule_latest_10_10.vsd". This document was not disclosed by the Defendants until February 4, 2015, and was thus not a consideration in the Plaintiff's initial motion for sanctions. Plaintiff states he disclosed the "correct chart" (schedule_latest_10_10.vsd) in his initial disclosures on October 2, 2012, the same day Plaintiff propounded upon Defendants Plaintiff's First Interrogatories and Requests for Production. Plaintiff's First Interrogatories and Requests for Production contained four specific requests which were geared toward capturing the Visio/Gantt chart and emails which were produced on May 30, 2014 – or any other arguably relevant emails / charts. (Gilbert Sup. Dec. ¶ 2, 3); (ECF No. 289, ¶4).

Further, Plaintiff alleges that Defendants had the metadata file and had allegedly accessed it several times during litigation. Plaintiff complains that the Defendants' May 30, 2014 disclosure was void of any mention of schedule_latest_10_10.vsd. Plaintiff asserts this document was responsive to RFP 38 and not disclosed by Defendants until February 4, 2015, three weeks before trial. Plaintiff further states that this situation was not addressed in the Court's November 14, 2014 Order on Plaintiff's Motion to Exclude Evidence and Sanctions (ECF No. 329).

///

Defendants oppose the motion for reconsideration and argue there is no valid basis for reconsideration. Defendants were presented with a discovery request demanding production of the chart Plaintiff Salazar presented to Defendant Gene Monaco at the October 2011 meeting. Through a search in May 2014, Monaco obtained the chart he contended Salazar presented to him. Salazar claims that a different chart was presented to Monaco, one that has always been in his (Salazar's) possession, and which Salazar disclosed in his initial disclosures in 2012. Salazar argues this chart (schedule_latest_10_10.vsd) is responsive to RFP 38.

Defendants further explain that a disagreement by the parties as to which chart should have been provided in response to RFP 38 is not cause to sanction the Defendants or defense counsel. Salazar claims the chart turned over by Defendants in May of 2014 was not the right chart that he provided during the October 2011 meeting. Monaco disagreed as to which chart he remembered seeing at the October 2011 meeting. It was not until December of 2014 that Salazar issued a discovery request to "track [the chart] from its inception to the date of Salazar's termination." ECF No. 378, Exhibit A. Defendants assert that they fully complied with that request and it appears that they have.

The Court has reviewed the arguments of the parties.

A motion for reconsideration can only be granted when a district court: (1) is presented with newly discovered evidence; or (2) committed clear error or the initial

decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).

The Court finds that there is no basis for reconsideration. As the Court found earlier, there was no obligation to produce a progression of charts pursuant to RFP 38. Secondly, this request to track the chart did not come until December of 2014, and was apparently the result of a later computer forensic search by Plaintiff. After the May 30, 2014 disclosure (and until the recent dispute arose), Plaintiff never advised the Court that the version of the chart produced by Defendants in May of 2014 was not the correct chart. However, after being asked for a progression of the charts in December 2014, Defendants complied. Because of Plaintiff's concerns about lateness, the Court continued the trial to permit a full examination of these materials.

The Court can only interpret these events to be an attempt by Plaintiff to morph RFP 38 into something it simply is not. The parties appear to disagree on which single chart was presented at the October 2011 meeting. This is not a basis for sanctions. The chart Plaintiff asserts is correct has been in his possession since sending out his initial disclosures in this case in 2012. To the extent Plaintiff has needed more time for preparation, continuances were granted by the Court.

At this time, the Court is not going to entertain a mini trial of computer forensic experts, in an attempt to show that someone, albeit speculation as to who, had access to

ORDER - 4

metadata.  Defendants have been sanctioned for late turnover of the chart based on evidence known at the time and that sanction stands.  The "chart" that each party believes is correct has been produced.  To imply RFP 38 calls for chart "tracking" is to presume inferences from prior requests for production which are improper based on the wording used and does not solve the issue of whether Plaintiff was discharged in retaliation under the False Claims Act.  The parties have assured the Court that discovery is now complete and trial is scheduled in the near future.

Accordingly,

**IT IS HEREBY ORDERED** that: Plaintiff's Motion for Reconsideration of Order Re:  Plaintiff's Second Motion for Sanctions (ECF No. 386), filed on May 20, 2015, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order.

**DATED** this 23rd day of July, 2015.

*s/Lonny R. Suko*

LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5