UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAXIMILLIAN SALAZAR III,<br><br>Plaintiff,<br><br>vs.<br><br>MONACO ENTERPRISES, INC; GENE MONACO; and ROGER BARNO,<br><br>Defendants. | No. 2:12-CV-0186-LRS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Emergency Motion for Reconsideration (ECF No. 432), to which Defendants have responded (ECF No. 417) and Plaintiff has replied (ECF No. 419). A telephonic Motion hearing occurred in the above entitled cause on September 24, 2015. Plaintiff was represented by Bill Gilbert and Timothy Bearb. Defendants were represented by Mark Louvier and James King. The following memorializes and supplements the oral ruling of the Court.

///

///

ORDER - 1

## I.  INTRODUCTION

This Court's March 3, 2014 Order Re: Summary Judgment (ECF No. 206) dismissed Plaintiff's state common law cause of action for wrongful discharge in violation of public policy set forth in Section V. of the Amended Complaint (ECF No. 160). The Court had concluded that the False Claims Act provided an adequate alternative remedy, and therefore barred pursuit of the common law tort under *Cudney v. Alsco*, 172 Wn.2d 524, 530 (2011). (ECF No. 206 at 2).

On September 17, 2015, in *Rose v. Anderson Hay and Grain Co.,* 2015 WL 5455681 (Wash., Sept. 17, 2015), the Washington Supreme Court abrogated *Cudney's* adequate alternative remedy analysis holding that:

> With respect to the [Surface Transportation Assistance Act of 1983], we hold that its existence does not affect Rose's tort claim. Statutory alternatives will not preclude tort recovery unless such preclusion is either implied or expressed by the statute. We will not impose our own judicially created hurdle to recovery. Because Congress expressly provided a nonpreemption clause in the statute, our analysis need not go any further. We respect Congress' choice to permit Rose to pursue *either* remedial course of action. Because the STAA does not prevent Rose from recovery under the tort and Rose can make out a prima facie case, his wrongful discharge against public policy claim survives summary judgment.

*Rose*, 2015 WL 5455681, *10 (emphasis added).

As an intervening change in controlling law has occurred directly impacting this Court's prior decision, this change presents a sufficient basis to permit Plaintiff to seek reconsideration under Fed.R.Civ.P. 54(b).   Plaintiff requests the Court

ORDER - 2

abrogate its summary dismissal of his state law claim for wrongful discharge in violation of public policy and allow this claim to "move forward to the jury."

## II. DISCUSSION

The question before the Court is whether an independent state law common law cause of action exists for discharge of an employee in violation of public policy, in addition to the remedy provided by the False Claims Act, where the employee is allegedly discharged by reason of his whistleblower activities in reporting illegal conduct and "for his refusal to commit or condone illegal conduct." (ECF No. 160 at 13). *Rose* holds that Washington law does not preclude a common law wrongful discharge claim because a federal statute provides a civil remedy. According to *Wilmot v. Kaiser Aluminum and Chemical Corp*, 118 Wash. 2d 46 (Wash. 1991), the answer to this question "depends upon the particular statute's language and provisions, and may, under appropriate circumstances, depend in part upon other manifestations of legislative intent."

Defendants contend the False Claims Act ("FCA") provides an exclusive remedy. The published case law on this point holds to the contrary. *E.g., Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd.*, 277 F.3d 936 (7th Cir. 2002)("There is nothing in § 3730(h) to lead us to believe that Congress intended to preempt all state law retaliatory discharge claims based on allegations of fraud on the government."); *Glynn v. EDO Corp.*, 536 F. Supp. 2d 595 (D. Md. 2008)

("complementary remedies do not give rise to an inference of Congressional intent to preempt"); *Hoefer v. Fluor Daniel, Inc*, 92 F.Supp.2d 1055 (C.D.Cal. 2000); *Palladino v. VNA of Southern N.J.*, 68 F.Supp.2d 455 (D.N.J. June 30, 1999)(holding no congressional intent to occupy the field of retaliatory discharge to the exclusion of the states). The Court finds these cases persuasive on the issue of preemption.

Under state law, wrongful discharge claims have generally been limited to four scenarios:

> (1) where employees are fired for refusing to commit an illegal act; (2) where employees are fired for performing a public duty or obligation, such as serving jury duty; (3) where employees are fired for exercising a legal right or privilege, such as filing workers' compensation claims; and (4) where employees are fired in retaliation for reporting employer misconduct, i.e., whistle blowing.

*Gardner v. Loomis Armored, Inc.*, 913 P.2d 377, 379 (1996). Defendants contend Plaintiff has "failed to satisfy his burden of proof" as he has not demonstrated that his conduct meets any of the categories of a public policy claim. Defendants disregard the existing question of fact as for the reason for Plaintiff's termination and the public policy contentions in the Amended Complaint. Defendants' Response states "Salazar does not contend that he was fired for whistle-blowing…nor does he contend that he was fired for refusing to commit an illegal act." (ECF No. 438 at 2). However, Plaintiff's First Amended Complaint makes these exact allegations (*See* ECF No. 160 at 12). Plaintiff's summary judgment

ORDER - 4

briefing also discussed the public policies supporting the tort. Moreover, in Washington, the public policy to support the tort of wrongful discharge can be derived from a federal statute itself. *E.g.*, *Thompson v. St. Regis Paper Co.*, 102 Wash 2d 219 (Wash. 1984)(recognizing the Foreign Corrupt Practices Act as a source of public policy).

The Court concludes Plaintiff may assert a claim for wrongful discharge in violation of public policy under Washington law, and the existence of a civil remedy under the False Claims Act does not preclude Plaintiffs from simultaneously raising the state law public policy tort. Accordingly, the Court modifies its prior ruling (ECF No. 206) and **DENIES** Defendants'[First] Motion for Partial Summary Judgment (ECF No. 149).

This ruling does not decide the unaddressed question of whether both claims ought to be presented to the jury in tandem or not, given the existence of overlapping facts and law. *See e.g., Tribble v. Raytheon Co*., 414 Fed.Appx. 98 (9th Cir. 2011)(unpublished)(interpreting CA law)(dismissing state law tort claim after dismissal of the False Claims Act claim because "the common law cause of action [for wrongful termination in violation of public policy] cannot be broader than the statute on which it depends."); *Van v. Portneuf Medical Center*, 147 Idaho 552 (Idaho 2009)("Clearly, the [Idaho State Whistleblower] Act itself authorizes specific remedies, and therefore its provisions cannot also be used to establish the

public policy upon which a breach of at-will employment contract claim is based. To hold otherwise would allow plaintiffs to recover twice for the same underlying facts). Clearly, Plaintiff is only entitled to claim one compensatory damage award if liability is found on any of the theories involved. *People of the State of Cal v. Chevron Corp*, 872 F.2d 1410 (9th Cir. 1989)("the district court should take all necessary steps to ensure that the plaintiff is not permitted double recovery for what are essentially two different claims for the same injury."). These related issues must be reserved for another day.

**IT IS SO ORDERED.**

　　　　**DATED** September 29, 2015.

　　　　　　　　　s/Lonny R. Suko
　　　　　　　　　LONNY R. SUKO
　　　　SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6