UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAXIMILLIAN SALAZAR III,<br><br>Plaintiff,<br><br>vs.<br><br>MONACO ENTERPRISES, INC; GENE MONACO; and ROGER BARNO,<br><br>Defendants. | No. 2:12-CV-00186-LRS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Defendants' Motion for Reconsideration Re: ECF No. 468 (ECF No. 468), to which Plaintiff has filed a Response (ECF No. 494) and Defendants a Reply (ECF No. 496).   Defendants seek reconsideration of this Court's Order Declaring Mistrial (ECF No. 468). Defendants object to the finding made by this Court that the Defendants were obligated to disclose the notarized, executed January 24, 2013 affidavit of Bill Franks ("Franks Affidavit") pretrial. Defendants argue two grounds justifying their intentional failure to disclose the affidavit: (1) the affidavit was obtained, intended, and used for impeachment purposes and therefore exempt from pretrial disclosure and discovery; and (2) it

ORDER - 1

was attorney work product.

**I. Legal Standard**

Defendants' claim in their Reply that reconsideration is appropriate to correct "manifest injustice." District courts have the inherent authority to entertain motions for reconsideration of interlocutory orders. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[I]nterlocutory orders ... are subject to modification by the district judge at any time prior to final judgment."); *see also* Fed.R.Civ.P. 54(b); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). Although seven (7) such motions have been filed in this case, motions for reconsideration are generally disfavored and are considered "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). As neither Rule 54(b) or this Court's Local Rules provide a standard, typically, district courts will apply standards substantially similar to those used under Rule 59(e) and 60(b). Reconsideration is proper if the Court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (*quoting 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999)) (internal quotation marks omitted). Motions for reconsideration are not to re-hash arguments the court has already thought through, or present arguments or evidence for the first time which could reasonably have been

ORDER - 2

raised earlier in the litigation. It is not a vehicle for a "second bite at the apple," "after thoughts," or "shifting of ground." *Ausmus v. Lexington Ins. Co.*, 2009 WL 2058549, at *2 (S.D.Cal. July 15, 2009)(unpublished).

## II.  ANALYSIS

Applying this legal standard, Defendants' Motion fails. Defendants' Motion (1) identifies no manifest error of law or fact, nor presents any newly discovered evidence; (2) offers arguments that already have been raised and rejected by this Court; and (3) offers an argument which, though not raised earlier by Defendants, is without merit.

### A. Discoverability of Impeachment Evidence: Rule 26(a) and Rule 26(b)

Defendants contend that because the Franks Affidavit was not admissible for substantive purposes at trial, it therefore fit into the "solely for impeachment" category of evidence under Fed.R.Civ.P. 26(a)(3) and was not required to be disclosed-- ever. This argument was previously raised, argued, briefed, considered, and rejected by this Court, and therefore is not a valid basis for reconsideration. Defendants admit their intent was to provide "further authorities concerning the distinction between impeachment and substantive evidence and use of the same." (ECF No. 487 at 2). None of these additional cases indicate this Court has erred.

The primary concern surrounding the Franks Affidavit is its discoverability and Defendants' discovery obligations, not the affidavits' admissibility at trial.

ORDER - 3

Defendants' lengthy discussion of admissibility of prior inconsistent statements are largely misplaced.

Rule 26(a) concerns "Required Disclosures" –i.e. the automatic disclosure of materials *without* request-- not the scope of discovery.  Under Rule 26(a)(1) governing "initial disclosure[s]" exempts documents the disclosing party may use "solely for impeachment." Likewise Rule 26(a)(3) governing "pretrial disclosures," states that a party shall provide to other parties "information regarding the evidence that it may present at trial *other than solely for impeachment purposes*." Both primary cases relied upon by Defendants in their Motion -- *Gribben v. UPS*, 528 F.3d 1166, 1172 (9th Cir.2008) and *In re Watkins*, 343 F.Appx. 245, 246 (9th Cir. 2009)(unpublished) –discuss this undisputed rule of law regarding pretrial disclosure obligations required by Rule 26(a).  Rule 26(a) is also discussed in the Bankruptcy Appellate Panel's ruling in *In re Watkins,* 2008 WL 8462958 (9th Cir. BAP 2008). Defendants misread *In re Watkins* in their Reply as it had nothing to do with shielding discovery from "a discovery request...propounded." (ECF No. 496 at 4). *Gribben* and *In re Watkins* are inapposite to the instant case concerning a specific discovery request seeking discovery of written witness statements.  Given the discovery requests made by Plaintiff and the nature of the Franks Affidavit, the Court's decision does not depend upon whether the Franks Affidavit constituted a "document" or falls within the scope of Rule 26(a)'s "solely for impeachment

purposes."

Rule 26(*b*) defines the scope of discovery – the means by which information may be obtained from others *upon* request: "Parties may obtain discovery regarding *any matter*, not privileged which is *relevant* to the subject matter involved in the pending action ..." (emphasis added). The plain language and broad scope contemplated by Rule 26(b) has been explained by the United States Supreme Court. *Hickman v. Taylor*, 329 U.S. 495 (1947)("[C]ivil trials in the federal courts no longer need be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain *the fullest possible knowledge of the issues and facts before trial*); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978)("Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits."); *United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958)("modern instruments of discovery serve a useful purposes…They together with pretrial procedures make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent. Only strong public policies weigh against disclosure.").

A party may not unilaterally narrow the scope of relevant discovery items based upon its subjective intent to use the item for impeachment purposes. No categorical "impeachment" limitation applies to materials sought through specific interrogatories and requests for production of documents. *See Wright, Miller &*

ORDER - 5

*Marcus*, 8 Fed. Prac. & Proc. Civ. § 2015 (citing authority and noting "[t]he fact that the party responding to discovery intends to use the material only for impeachment does not take it out of the realm of discoverable material if it is otherwise relevant"; if discovery of evidence tending to impeach by contradiction is not permitted, the discovery rules "might as well be repealed"). As set forth in the Court's Order Declaring Mistrial, Defendants were required by operation of the self-executing Federal Rules of Civil Procedure to disclose the Franks Affidavit (or the grounds for withholding it) in a supplemental response to Interrogatory No. 14:

> <u>Interrogatory No. 14</u>: Have any statements whether written, oral, or recorded been taken of any of the persons listed in your answer to Interrogatory No. 12? If so, please state: (a) The date of each statement; (b) Whether it was written, oral or recorded; (c) The name of the person taking the statement; and (d) The substance of each statement.

(ECF No. 56, Ex. A at 13). Defendants' objection to this interrogatory was overruled by the Court when it granted Plaintiff "an additional 15 interrogatories, for a total of 45 interrogatories, including related subparts…" (ECF No. 209 at 6). *See also ECF No.* 172 (Discovery Master Order stating that Plaintiff is allowed 40 interrogatories which "includes those already served…"). Defendants never supplemented their response to Interrogatory No. 14.

Defendants *did* supplement their responses to Interrogatory No. 19 and Request for Production No. 134, but the disclosure, certified by defense counsel, was not "complete and correct" as required by Rule 26(g):

Request for Production No. 134: Provide any and all documents in native format, including written and electronic form with metadata intact, identified in the preceding Interrogatory[1].

**ANSWER**: **Defendant has already produced all responsive documents.**

(ECF No. 463, Ex. 1 at 6) (emphasis in original). The Franks Affidavit specifically regarded the October 2011 meeting referenced in Defendants' preceding response to Interrogatory 19, yet it was not disclosed. *See Pilling v. General Motors Corp.,* 45 F.R.D. 366, 369 (D. Utah 1968)(addressing the subject of how to interpret interrogatories and stating "[n]either questions nor their answers should be interpreted with excessive rigidity or technicality, but a rule of reason should be applied as to both.").

The lack of authority cited by Defendants in their Motion on this point is telling. *Varga*, also cited in this Court's Order Declaring Mistrial, forcefully addressed this issue after defendant had withheld documentary evidence that was responsive to pretrial discovery requests and produced for the first time at trial:

> We take this occasion to emphasize *what Rule 26(b) makes perfectly clear*: the

---

[1] Interrogatory No. 19 and Defendants' Supplemental Response stated this:

> Interrogatory No. 19: Identify with specificity the reason or reasons why MEI terminated Plaintiff's employment.
>
> ANSWER: **Plaintiff was terminated for insubordination based on his conduct at a meeting involving the plaintiff, Mr. Franks, Mr. Gene Monaco, Mr. Roger Barno, and Mr. Steve Cesare in October 2011.**

(ECF No. 463, Ex. 1 at 6) (emphasis in original)

ORDER - 7

recipient of a properly propounded document request must produce all responsive non-privileged documents without regard to the recipient's view of how that information might be used at trial. A party may not, under any circumstances, hold back materials responsive to a proper discovery request because it prefers to use the evidence as surprise impeachment evidence at trial.

*Varga v. Rockwell International Corp.*, 242 F.3d 693, 697 (6th Cir. 2001)(emphasis added). *See also*, *Klonoski v. Mahlab*, 156 F.3d 255, 270 (1st Cir.1998) (superseded in unrelated part by rule amendment as stated in *In re Subpoena to Witzel*, 531 F.3d 113 (1st Cir.2008)); *Newsome v. Penske Truck Leasing Corp.*, 437 F.Supp.2d 431, 434 (D.Md. 2006); *McDaid v. Stanley Fastening Sys., LP*, 2008 WL 2928387 (July 28, 2008); *Karr v. Four Seasons Maritime, Ltd.*, 2004 WL 797728 (E.D.La., Apr.12, 2004).

Defendants' unsupported position would seemingly have this Court adopt a rule that "no opportunity may be afforded either party to impeach evidence which is itself impeachment, but both must await the uncertain fate which befalls litigants when confronted for the first time in the courtroom with surprise testimony for which they are wholly unprepared." *Boldt v. Sanders*, 111 N.W.2d 225, 227–228 (1961) (per Otis, J.). "For us to revert to this philosophy would be judicial retrogression undermining the whole purpose of the rules of civil procedure. It would inevitably lead us back to the 'poker hand' concept of litigation, rewarding artifice and camouflage." *Id*.

Not only could the Franks Affidavit possibly have been the subject of possible

ORDER - 8

impeachment itself, but in this case, the purported factual information it contains bears directly on central issues in this case. Evidence withheld as impeachment evidence, but which is either usable for a substantive purpose (or could lead to the discovery of evidence useable substantive purpose) or would be responsive to a specific discovery request, must be produced. *See e.g., Newsome v. Penske Truck Leasing Corp*, 437 F.Supp.2d 431 (D.Md. 2006). The attorney doubting that "little voice" in his or her "conscience that murmurs turn over all material information," *Haeger v. Goodyear Tire and Rubber Co*, 906 F.Supp.2d 938 (D.Az. 2012), should submit it to the Court to decide its value pretrial. Defendants and defense counsel did neither.

**B. Work Product**

Second, Defendants inject a new theory that Mr. Franks' prepared witness statement was attorney work product and therefore shielded from disclosure for over two years until Mr. King opted to utilize it: at trial. Defense counsel did not raise a a "work product" defense at the hearing on the Motion for Mistrial. The Defendants' first mentioned a work product privilege *after* the Court declared mistrial. (ECF No. 473). Defendants do not offer a valid reason this argument could not have been previously advanced when the mistrial motion was originally argued. Nonetheless, the argument is addressed here.

Work product enjoys immunity from discovery and is defined under

ORDER - 9

Fed.R.Civ.P. 26(b)(3). For now, looking past the less clear issue of whether this third party witness affidavit qualified as attorney work product after it is signed, any objection on grounds of attorney work protection was *waived* when Defendants failed to timely assert the objection in specific response to the Plaintiff's discovery requests. Defendants never produced a privilege log required by Fed.R.Civ.P. 26(b)(5). *See BNSF Ry. Co. v. U.S. Dist. Ct.*, *Dist. of Mont.,* 408 F.3d 1142, 1149–50 (9th Cir. 2005). Rule 26(b) contains no exemption for information that the defense unilaterally characterizes as impeachment. Defendants instead rely entirely on a preliminary section of their discovery Responses entitled "Defendant MEI's General Objections," wherein a boilerplate work product objection was stated once. (ECF No. 56, Ex. A). The prohibition against general or blanket objections to discovery requests has long been established. *Id*. ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to support a privilege."). The "general objection" section such as that used here is meaningless, ineffective and improper as it is impossible to tell whether information has been withheld, and if so, why. *Id*. The Federal Rules provide that objections to discovery must be made with specificity. *See* Fed.R.Civ.P. 33.

      Defendants rely heavily upon the rationale in a California district court case, *Intel Corp v. VIA Technologies, Inc.*, 204 F.R.D. 450 (N.D.CA 2001), a case clearly

distinguishable from the case at hand. In *Intel Corp*, the posture of the case was *pretrial* and the Plaintiff moved to strike a defense witness (a former employee of Plaintiff) declaration submitted in support of a defense summary judgment motion. The court refused to strike the third-party witness statement because: 1) the defense witness was "uncovered late in the process," but timely disclosed; 2) the statement was "obtained in anticipation of an imminent summary-judgment motion," where there is no "bar to previewing testimony in a written form…for the purpose of isolating material fact issues"; and 3) the declaration drafted by an attorney was work product until the moment it is was filed. The court reasoned that because it would be "normal practice" for counsel to interview a witness and perhaps obtain a statement, therefore "[d]isclosing that fact would only disclose what should be presumed by prudent counsel." *Id*. at 452.

Unlike the witness discovered in *Intel*, Mr. Franks was known by the parties from day one as a percipient witness and friend of Plaintiff, who before this case was ever filed had testified favorably for Plaintiff at his unemployment hearing. Unlike in *Intel*, it is not clear when the statement may have been prepared, for what purpose, or under what circumstances. Though drafted to appear as a pleading, the Franks Affidavit was never submitted or referenced as any part of the pretrial motion practice, nor for in camera review. While there may be exceptions, normally, statements or affidavits from nonparty witnesses – even if drafted by an attorney—

are not protected by the work product doctrine and the witness is entitled to a copy of his own statement. *See discussion*, *Ford Motor Co. v. Edgweood Properties, Inc*, 257 F.R.D. 418 (D.N.J. 2009). The Franks Affidavit purports to be a recitation of facts within the personal knowledge of Mr. Franks–not an attorney's theory, thoughts, mental impressions, or trial strategy. As noted by one court:

> Granted, [Defendant] secured those statements in anticipation of litigation. However, if it now suggests that it may interpose the work product doctrine because it then put words in the mouths of those third-party affiants as part of its litigation strategy, it misperceives the nature of the doctrine. [Plaintiff] seeks no more than factual statements of these non-party witnesses. It should not be frustrated in its ability to test the perception and credibility of these persons.

*Milwaukee Concrete Studios, Ltd. v. Greeley Ornamental Concrete Products, Inc.*, 140 F.R.D. 373, 379 (E.D.Wis. 1991).

Defendants are correct that when a witness is disclosed all parties are on notice that the other side may well have interviewed the witness and obtained a statement. Apparently, Mr. Franks did not volunteer the existence of the affidavit on any occasion he may have spoken to Plaintiff's counsel – a fact which raises questions in itself. Be that as it may, the Federal Rules of Civil Procedure ordinarily head off the present problem as they require Defendants to fully respond to discovery requests to produce third-party sworn statements in their possession or disclose the legal reasons for withholding them. This gives the opposing party to the opportunity to move for in camera review so the *court* can decide. This did not occur in this case.

ORDER - 12

## III. CONCLUSION

The Defendants failed to abide by the Federal Rules of Civil Procedure. Neither did they disclose the existence of the Franks Affidavit in response to Plaintiff's discovery requests. Where neither the Court nor Plaintiff had knowledge of its existence, there was no opportunity to cure the problem.

Defendants' Motion for Reconsideration (ECF No. 487) is **DENIED**.

**DATED** THIS 14th day of December, 2015.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
SENIOR U.S. DISTRICT COURT JUDGE

ORDER - 13