UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAXIMILLIAN SALAZAR III, | No. 2:12-CV-0186-LRS |
| Plaintiff, | |
| vs. | ORDER REQUIRING PARTIES TO RESPOND TO THE ATTACHED DRAFT SETS OF PRELIMINARY AND FINAL JURY INSTRUCTIONS AND VERDICT FORM |
| MONACO ENTERPRISES, INC; GENE MONACO; and ROGER BARNO, | |
| Defendants. | |

Attached to this Order are the court's draft sets of Preliminary and Final Jury Instructions, as well as a draft Special Verdict Form. Any objections or exception to the draft set of *Final* Jury Instructions and the Verdict Form shall be made in writing and filed not later than **12:00 p.m. on Tuesday, July 26, 2016**. If a party has no objection or exception to these drafts, they are to file a notice indicating such. IT IS SO ORDERED.

DATED THIS 22ND day of July, 2016.

*s/ Lonny R. Suko*

_____

LONNY R. SUKO
Senior United States. District Court Judge

ORDER - 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAXIMILLIAN SALAZAR III, | No. 2:12-CV-0186-LRS |
| Plaintiff, | |
| vs. | |
| MONACO ENTERPRISES, INC; GENE MONACO; and ROGER BARNO, | |
| Defendants. | |

*** DRAFT***

PRELIMINARY INSTRUCTIONS GIVEN BY THE COURT

DATED this ___ day of July, 2016.

_____**DRAFT*_____

LONNY R. SUKO

SENIOR UNITED STATES DISTRICT JUDGE

**PRELIMINARY JURY INSTRUCTIONS - 1**

### Preliminary Instruction No. 1

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**PRELIMINARY JURY INSTRUCTIONS - 2**

## Preliminary Instruction No. 2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff, Maximillian Salazar, is a former employee of Defendant Monaco Enterprises, Inc., a defense contractor with the United States Government.  Mr. Salazar claims that Monaco Enterprises, Inc., and Defendants Roger Barno and Eugene Monaco, retaliated against him in violation of the False Claims Act and Washington state law.  The Plaintiff has the burden of proving these claims by a preponderance of the evidence.  The Defendants deny these claims and assert that Mr. Salazar's employment was terminated for insubordination.

**PRELIMINARY JURY INSTRUCTIONS - 3**

### Preliminary Instruction No. 3

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers have agreed.

**PRELIMINARY JURY INSTRUCTIONS - 4**

## Preliminary Instruction No. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**PRELIMINARY JURY INSTRUCTIONS - 5**

**Preliminary Instruction No. 5**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## Preliminary Instruction No. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in light of reason, experience, and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**PRELIMINARY JURY INSTRUCTIONS - 7**

**Preliminary Instruction No. 7**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**PRELIMINARY JURY INSTRUCTIONS - 8**

## Preliminary Instruction No. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case and any bias or prejudice;

(5)    whether other evidence contradicted the witness's testimony;

(6)    the reasonableness of the witness's testimony in light of all the evidence; and

(7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**PRELIMINARY JURY INSTRUCTIONS - 9**

### Preliminary Instruction No. 9

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Preliminary Instruction No. 10

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**PRELIMINARY JURY INSTRUCTIONS - 11**

### Preliminary Instruction No. 11

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media

**PRELIMINARY JURY INSTRUCTIONS - 12**

accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**PRELIMINARY JURY INSTRUCTIONS - 13**

### Preliminary Instruction No. 12

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**PRELIMINARY JURY INSTRUCTIONS - 14**

### Preliminary Instruction No. 13

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**PRELIMINARY JURY INSTRUCTIONS - 15**

**Preliminary Instruction No. 14**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## Preliminary Instruction No. 15

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**PRELIMINARY JURY INSTRUCTIONS - 17**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAXIMILLIAN SALAZAR III, | No. 2:12-CV-0186-LRS |
| Plaintiff, | |
| vs. | |
| MONACO ENTERPRISES, INC; GENE MONACO; and ROGER BARNO, | |
| Defendants. | |

**** **DRAFT** ***
JURY INSTRUCTIONS GIVEN BY THE COURT

Dated this _____ July 2016.

***DRAFT – 7-21-16 – DRAFT***
_____
LONNY R. SUKO
Senior United States District Judge

**JURY INSTRUCTIONS - 1**

# Final Instruction No. 1

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTIONS - 2**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Final Instruction No. 2**

In this case, Plaintiff, Maximillian Salazar, has asserted two claims.  These claims are:

Claim 1: Retaliation under the False Claims Act; and

Claim 2: Wrongful discharge in Violation of Public Policy

I will instruct you separately on each of these claims and you must decide each claim separately.  To succeed on any claim or affirmative defense, a party must establish the elements of that claim or defense by a preponderance of the evidence. I explained preponderance of the evidence at the beginning of trial and will do so again now.

**JURY INSTRUCTIONS - 3**

**Final Instruction No. 3**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTIONS - 4**

**Final Instruction No. 4**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers have agreed.

**JURY INSTRUCTIONS - 5**

**Final Instruction No. 5**


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in light of reason, experience, and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTIONS - 6**

**Final Instruction No. 6**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTIONS - 7**

**Final Instruction No. 7**


Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**JURY INSTRUCTIONS - 8**

# Final Instruction No. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case and any bias or prejudice;

(5)    whether other evidence contradicted the witness's testimony;

(6)    the reasonableness of the witness's testimony in light of all the evidence; and

(7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## Final Instruction No. 9

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**JURY INSTRUCTIONS - 10**

**Final Instruction No. 10**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**JURY INSTRUCTIONS - 11**

**Final Instruction No. 11**

All parties are equal before the law and a corporation and individuals are each entitled to the same fair and conscientious consideration by you as any party.

**JURY INSTRUCTIONS - 12**

## Final Instruction No. 12

Under the law, Monaco Enterprises, Inc., a corporation, is considered to be a person. Monaco Enterprises, Inc. can only act through its employees, agents, directors, or officers. Therefore, Monaco Enterprises, Inc. is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**Final Instruction No. 13**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal.

**JURY INSTRUCTIONS - 14**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Final Instruction No. 14**

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

**JURY INSTRUCTIONS - 15**

1

### Final Instruction No. 15

2
Any act or omission of an agent within the scope of authority is the act or

3
omission of the principal.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTIONS - 16**

## Final Instruction No. 16

Mr. Salazar claims that the Defendants retaliated against him and terminated his employment in violation of the anti-retaliation provision of the False Claims Act and Washington state law. Defendants claim they did not retaliate or take any adverse actions against Mr. Salazar in violation of the False Claims Act or Washington state law.

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

1. Monaco Enterprises Inc. is a corporation located in Spokane Valley, Washington.

2. Eugene Monaco was, at all times relevant to this cause of action, Chief Executive Officer (CEO) of Monaco Enterprises, Inc.

3. Eugene Monaco is an agent of Monaco Enterprises, Inc.

4. Roger Barno is an agent of Monaco Enterprises, Inc.

5. Roger Barno was, at all times relevant to this cause of action, an employee of Monaco Enterprises, Inc.

6. Roger Barno was, at all times relevant to this cause of action, the Chief Operating Officer (COO) of Monaco Enterprises, Inc.

7. Maximillian Salazar, III, was an employee of Monaco Enterprises, Inc. between June 14, 2004 and October 20, 2011.

**JURY INSTRUCTIONS - 17**

## Final Instruction No. 16 (continued)

8. Monaco Enterprises, Inc.'s primary source of revenue, at all times relevant to this cause of action, was through work as a defense contractor with the United States Government.

9. Most defense contracts with the United States Government which are awarded to Monaco Enterprises, Inc. are subject to a competitive bidding process.

10. Monaco Enterprises, Inc., as a defense contractor for the United States Government, is subject to the applicable sections of the United State Code of Federal Regulations, including specifically the False Claims Act, 31 U.S.C. §§ 3729 and 3730.

11. In November 2010, Eugene Monaco returned to manage Monaco Enterprises after being away in semi-retirement for several years.

12. In November 2010, Eugene Monaco brought his son-in-law, Roger Barno into the Company as an employee.

13. Monaco Enterprises, Inc. terminated the employment of Maximillian Salazar, III on October 20, 2011 for insubordination.

14. Mr. Salazar alleges the termination was in violation of the retaliation protections afforded under 31 U.S.C. § 3730(h).

**JURY INSTRUCTIONS - 18**

**Final Instruction No. 17**

Purpose of the False Claims Act

The False Claims Act is a federal law designed to discourage false claims against the United States government.  It forbids any person from knowingly presenting a false claim for payment to the government and knowingly using a false record or statement material to a false or fraudulent claim.

The purpose of the anti-retaliation provision of the False Claims Act is to promote enforcement of the Act by assuring those who may be considering exposing potential false claims to the United States that they are legally protected from retaliatory acts.

**Final Instruction No. 18**

Retaliation in Violation of the False Claims Act

Mr. Salazar's first claim is that he was terminated in retaliation for activity that was protected under the False Claims Act.  In order to prevail on this claim, Mr. Salazar must prove each of the following elements by a preponderance of the evidence:

1.  Mr. Salazar engaged in activity protected by the False Claims Act;

2.  Monaco Enterprises, Inc. knew that Mr. Salazar engaged in the protected activity; and

3.  Monaco Enterprises, Inc. discharged, demoted, threatened, harassed, or otherwise discriminated against Mr. Salazar in the terms and conditions of his employment because he engaged in protected activity.

If you find that the Plaintiff has not established any one of the above three elements by a preponderance of the evidence, then you must find for Monaco Enterprises, Inc. on this claim.

## Final Instruction No. 19

Retaliation in Violation of the False Claims Act

Element 1: Protected Activity

The first element Mr. Salazar must prove is that Mr. Salazar engaged in activity protected by the False Claims Act. To prevail, Mr. Salazar must prove:

1) Mr. Salazar investigated or internally reported Monaco Enterprises, Inc. for possible fraud against the United States government;

2) Mr. Salazar had a good faith belief that Monaco Enterprises, Inc. was possibly committing fraud against the United States government; and

3) A reasonable employee in the same or similar circumstances might believe that Monaco Enterprises, Inc. was possibly committing fraud against the United States government.

The term "fraud" consists of:

a) knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval; or

b) knowingly making, using, or causing to be made or used, a false record or statement that was capable of influencing a false or fraudulent claim.

The term "claim" means any request or demand, whether under a contract or otherwise, for payment to be satisfied with funds or property drawn from the United States treasury.

Conduct constituting "fraud against the United States government" includes, but is not limited to: 1) knowingly overcharging the government under a contract by submitting claims for costs not incurred; 2) a bidder's false cost estimates in

**JURY INSTRUCTIONS - 21**

**Final Instruction No. 19 (continued)**

seeking a federal contract, including fraudulent underbidding in which the bid is not what the bidder actually intends to charge; and 3) misrepresenting the capability to perform the contract in order to induce the government to enter into the contract.  Mere dissatisfaction with one's treatment on the job is not enough.

Mr. Salazar need not prove that a fraud against the United States government has actually occurred or that he was aware of the False Claims Act, so long as he had a good faith belief that there was a possible fraud as herein defined.

**Final Instruction No. 20**

Retaliation in Violation of the False Claims Act

Element 2: Employer's Knowledge

The second element Mr. Salazar must prove by a preponderance of the evidence to prevail on the False Claims Act claim is that Monaco Enterprises, Inc. had knowledge of the protected activity that Mr. Salazar was engaged in at the time of Mr. Salazar's termination. Plaintiff must demonstrate Monaco Enterprises, Inc. had knowledge that Mr. Salazar was investigating or internally reporting possible fraud on the government.

# Final Instruction No. 21

Retaliation in Violation of the False Claims Act

Element 3: Causal Connection to Adverse Action

Mr. Salazar must prove that the decision to take the adverse action was motivated, at least in part, by Mr. Salazar's engaging in the protected activity. Mr. Salazar may establish this element by showing his protected activity was a motivating factor, although not necessarily the only motivating factor.

You may determine that the Monaco Enterprises, Inc. employee responsible for terminating Mr. Salazar did not have knowledge of the protected activity. But if you find by a preponderance of the evidence that the adverse action was set into motion and motivated by a Monaco Enterprises, Inc. employee who did have knowledge of the protected activity, you must attribute that employee's motives to Monaco Enterprises, Inc.

**JURY INSTRUCTIONS - 24**

## Final Instruction No. 22

Wrongful Discharge in Violation of Public Policy

Mr. Salazar asserts a claim for Wrongful Discharge in Violation of Public Policy.

An employment relationship calling only for performance of work and payment of wages is an "employment at will." Mr. Salazar was an "at will" employee at the time of his termination. An "at will" employee can be lawfully discharged by his employer without good cause, or for bad cause, or for no cause at all, unless an exception to this rule applies. An exception to this rule exists if the discharge is in violation of public policy. It is a violation of public policy to discharge an employee for reporting possible fraud.

To establish this claim, Mr. Salazar must prove each of the following elements by a preponderance of the evidence:

1. Mr. Salazar was discharged by Monaco Enterprises, Inc.; and

2. Mr. Salazar's reporting of possible fraud to Monaco Enterprises, Inc. was a substantial factor for Mr. Salazar's discharge; and

3. The discharge caused Mr. Salazar harm.

If you find that the Plaintiff has not established any one of the above three elements by a preponderance of the evidence, then you must find for the Defendants on this claim.

**JURY INSTRUCTIONS - 25**

**Final Instruction No. 23**

An officer of a corporation may be held personally responsible for a wrongful discharge in violation of public policy if he knowingly participated in, cooperated in the doing of, or directed that the wrongful act be done; or if he occupied a position of close control, management, and direction over the corporation such that he had authority either to prevent the violation in the first instance or to promptly correct it, but failed to do so.

## Final Instruction No. 24

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Mr. Salazar on any of his claims, you must determine his damages. Mr. Salazar has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Mr. Salazar for any injury you find was caused by Monaco Enterprises, Inc.

You should consider the following:

1.  The reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, and employment opportunities lost to the present time.  The amount of lost wages here is for the period from the date of the termination to the date of trial.

2.  The reasonable value of future wages which with reasonable probability will be lost in the future.  This is the amount of wages from the date of this trial to the date in the future on which you find by a preponderance of the evidence that Mr. Salazar would have stopped working for Monaco Enterprises, Inc., had his employment not been terminated.  From this amount, you must subtract the amount of wages which Monaco Enterprises, Inc. has shown by a preponderance of the evidence that Mr. Salazar reasonably could have earned through a diligent effort to obtain comparable employment.

**Final Instruction No. 24 (continued)**

3.  Emotional pain and suffering experienced.  If you find for Mr. Salazar as to any alleged damages for pain and suffering, it is not necessary that any witness should have expressed an opinion as to the amount of such damages for pain and suffering, but the jury may make such estimate of the damages, if any, by considering the facts and circumstances in evidence in the light of their own knowledge and experience in the affairs of life. The law prescribes no definite measure of pain and suffering damages but leaves such damages to be fixed by you as your discretion dictates if, after considering all the circumstances that may be just and proper, you find for the plaintiff in this regard.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**JURY INSTRUCTIONS - 28**

**Final Instruction No. 25**

Mr. Salazar has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Monaco Enterprises, Inc. has the burden of proving by a preponderance of the evidence:

1. That Mr. Salazar failed to use reasonable efforts to mitigate damages; and

2. The amount by which damages would have been mitigated.

**JURY INSTRUCTIONS - 29**

## Final Instruction No. 26

If liability is found on either or both of the two separate claims, Plaintiff is entitled to only one damage award.

**JURY INSTRUCTIONS - 30**

**Final Instruction No. 27**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

When you leave, your notes should be left in the jury room.  No one will read your notes. They will be destroyed at the conclusion of the case.

**JURY INSTRUCTIONS - 31**

### Final Instruction No. 28

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTIONS - 32**

### Final Instruction No. 29

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

**JURY INSTRUCTIONS - 33**

1
2
**Final Instruction No. 29 (continued)**

3
4
mistrial could result that would require the entire trial process to start over. If any

5
juror is exposed to any outside information, please notify the court immediately.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTIONS - 34**

**Final Instruction No. 30**


      If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

### Final Instruction No. 31

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

**JURY INSTRUCTIONS - 36**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAXIMILLIAN SALAZAR III, | No. 2:12-CV-0186-LRS |
| Plaintiff, | |
| | ***DRAFT*** |
| vs. | **SPECIAL VERDICT FORM** |
| MONACO ENTERPRISES, INC; GENE MONACO; and ROGER BARNO, | |
| Defendants. | |

We, the jury in the above-entitled case, provide the following answer to the questions submitted by the court:

1. Do you find by a preponderance of the evidence that Mr. Salazar engaged in protected activity?

   _____ YES

   _____ NO

*If you checked YES to Question No. 1, then proceed to Question No. 2.*
*If you checked NO to Question No. 1, then please sign and return the verdict form.*

**SPECIAL VERDICT FORM - 1**

2. Do you find by a preponderance of the evidence that Monaco Enterprises, Inc. knew that Mr. Salazar was engaged in protected activity?

_____ YES

_____ NO

*If you checked YES to Question No. 2, then proceed to Question No. 3.*
*If you checked NO to Question No. 2, then proceed to Question 4.*

3. Do you find by a preponderance of the evidence that Monaco Enterprises, Inc. discharged, demoted, threatened, harassed, or otherwise discriminated against Mr. Salazar because he was engaged in protected activity?

_____ YES

_____ NO

*Proceed to Question 4.*

4. Do you find by a preponderance of the evidence that Mr. Salazar's reporting of possible fraud to Monaco Enterprises, Inc. was a substantial factor for Mr. Salazar's discharge?

_____ YES

_____ NO

*If you checked YES to Question No. 4, then proceed to Question No. 5.*
*If you checked NO to Question No. 4, then proceed to Question 7.*

5. Do you find Roger Barno responsible for the wrongful discharge in violation of public policy?

_____ YES

_____ NO

*Proceed to Question 6.*

**SPECIAL VERDICT FORM - 2**

6. Do you find Eugene Monaco responsible for the wrongful discharge in violation of public policy?

_____ YES

_____ NO

*If you checked YES to questions 1-3, or checked YES to question 4, proceed to question 7.*

*If you checked NO to any of the first three questions and answered NO to question 4, please sign and return the verdict form.*

7. What is the amount of Mr. Salazar's damages?

Economic damages: $_____106, 571_____

General damages: $_____

Sign this verdict form and notify the bailiff.

DATE: _____

_____
PRESIDING JUROR

**SPECIAL VERDICT FORM - 3**